**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, STEVENS, JJ.**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 73 MAP 2013 |
| | : |
| Appellant | : Appeal from the order of the Superior |
| | : Court at No. 566 MDA 2012 dated March |
| | : 19, 2013 affirming the order of the Franklin |
| v. | : County Court of Common Pleas, Criminal |
| | : Division, at No. CP-28-CR-0000410-2011 |
| | : dated October 12, 2011. |
| DREAMA MARIE STOTELMYER, | : |
| | : ARGUED:  May 6, 2014 |
| Appellee | : |

## OPINION

MR. JUSTICE EAKIN                                        DECIDED:  February 17, 2015

This appeal by the Commonwealth raises the issue of whether a defendant is statutorily eligible, within the meaning of 42 Pa.C.S. § 9802, to receive a county intermediate punishment sentence when a mandatory minimum sentence applies under 18 Pa.C.S. § 7508.  We conclude the Superior Court erred in holding such an offender is eligible, and accordingly, reverse.

After state police seized over two and one-half pounds of marijuana from appellee's residence pursuant to a search warrant, appellee was charged with possession of a controlled substance with intent to deliver (PWID)[1] and possession of drug paraphernalia.[2]  Appellee entered an open guilty plea to PWID, and the

---

[1] 35 P.S. § 780-113(a)(30).

[2] Id., § 780-113(a)(32).

Commonwealth nolle prossed the remaining charge. After entry of the plea, the Commonwealth entered notice of its intent to seek application of the mandatory minimum one-year sentence of incarceration pursuant to 18 Pa.C.S. § 7508, which provides:

> (a) General rule.—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:
>
>> (1) A person who is convicted of violating section 13(a)(14), (30) or (37) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, where the controlled substance is marijuana shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:
>>
>>> (i) when the amount of marijuana involved is at least two pounds, but less than ten pounds …; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity ….

Id., § 7508(a)(1)(i) (emphasis added).

Following a hearing, the trial court determined the Commonwealth proved by a preponderance of the evidence that appellee possessed over two pounds of marijuana with the intent to distribute it, invoking § 7508's mandatory minimum sentencing provisions. However, the trial court instead sentenced appellee to county intermediate punishment, imposing six months of work release from the county jail followed by six months of electronic home monitoring. See Trial Court Order, 10/12/11, at 1.

Following the denial (by operation of law) of its motion to modify sentence,[3] the Commonwealth appealed to the Superior Court. In its Pa.R.A.P. 1925(a) Opinion, the

---

[3] The Commonwealth argued appellee's sentence was illegal for failing to comply with 18 Pa.C.S. § 7508's mandatory minimum sentence. Despite being ordered to answer (continued…)

trial court stated that, at the time of sentencing, it believed appellee's sentence was supported by the sentencing guidelines, and the Commonwealth had not objected. The trial court explained it never realized the sentence was illegal because there was no hearing on the Commonwealth's motion. The trial court concluded it had erred in imposing the sentence and requested the Superior Court vacate the sentence and remand for further proceedings. See Trial Court Opinion, 6/25/12, at 2-3.

Nevertheless, the Superior Court rejected the challenge to the sentence, holding "[u]nder applicable precedent, if a person is statutorily eligible for county intermediate punishment, a county intermediate sentence may be imposed, even when a mandatory minimum sentence is applicable." Commonwealth v. Stotelmyer, No. 566 MDA 2012, unpublished memorandum at 13 (Pa. Super. filed March 19, 2013). The court began its analysis by noting 42 Pa.C.S. § 9721(a), which governs sentencing in general and provides seven sentencing options, includes county intermediate punishment. Subsection (a.1) of the statute provides subsection (a) does not apply where there is a mandatory minimum sentence, unless specifically authorized under 42 Pa.C.S. § 9763, which relates to sentences of county intermediate punishment. The court concluded that appellee's sentence was a permissible form of county intermediate punishment under § 9763, and therefore the exception in subsection (a.1) prescribing the imposition of a mandatory minimum sentence did not apply.

In support of its holding, the court relied on Commonwealth v. Williams, 941 A.2d 14 (Pa. Super. 2008) (en banc), Commonwealth v. Mazzetti, 44 A.3d 58 (Pa. 2012) (per curiam), and Commonwealth v. Hansley, 47 A.3d 1180 (Pa. 2012). In Williams, the Superior Court held, notwithstanding the driving under the influence (DUI) statute's

---

(…continued)
the motion, appellee never did so, and the matter went unnoticed until more than 120 days.

requirement of mandatory terms of imprisonment for DUI recidivists, a defendant convicted of a second DUI offense could be sentenced to county intermediate punishment, so long as the program was qualified and the defendant was a qualified "eligible offender" under 42 Pa.C.S. § 9804, the intermediate punishment program statute. Williams, at 26 (citations omitted); see 42 Pa.C.S. § 9804(b)(1)(i) (providing only "eligible offenders" shall be sentenced to county intermediate punishment); id., § 9802 (defining "eligible offender" as, inter alia, person convicted of offense who would otherwise be sentenced to county correctional facility).

In Mazzetti, this Court held the Commonwealth's waiver of the school zone mandatory minimum sentence, 18 Pa.C.S. § 6317(a), at the original sentencing precluded the Commonwealth from seeking its application following revocation of probation. Mazzetti, at 60. The Superior Court cited Mazzetti for the proposition that this Court "has noted that § 9721(a.1) permits the imposition of intermediate punishment despite the fact that there is a pertinent mandatory minimum sentence of incarceration." Stotelmyer, at 8 (citing Mazzetti, at 66 ("[S]ection 9721(a.1) acknowledges that 42 Pa.C.S. § 9763 authorizes the trial court to impose a sentence of county intermediate punishment even if there is an applicable mandatory minimum.")).

In Hansley, this Court held the Recidivism Risk Reduction Incentive (RRRI) Act, 61 Pa.C.S. § 4501 et seq.,[4] applied to a school zone mandatory minimum sentence imposed pursuant to §§ 6317 and 7508 of the Act. Hansley, at 1188. We concluded the Act's definition of "eligible offender" included various eligibility requirements that excluded many crimes, but not drug offenses. Id.

---

[4] The Act enables an offender meeting certain conditions and requirements to become eligible for early release, but does not obviate the initial imposition of the minimum sentence. See id., § 4505(c)(1)-(2); 42 Pa.C.S. § 9756(b.1).

Based on its interpretation of the above cases, the Superior Court narrowed the inquiry to whether 42 Pa.C.S. § 9763 authorizes imposition of county intermediate punishment for a defendant who is subject to a mandatory minimum sentence under 18 Pa.C.S. § 7508. The court looked to the County Intermediate Punishment Act's definition of "eligible offender":

> Subject to section 9721(a.1) (relating to sentencing generally), a person convicted of an offense who would otherwise be sentenced to a county correctional facility, who does not demonstrate a present or past pattern of violent behavior and who would otherwise be sentenced to partial confinement pursuant to section 9724 (relating to partial confinement) or total confinement pursuant to section 9725 (relating to total confinement). The term does not include … an offender with a current conviction or a prior conviction within the past ten years for any of the following offenses:
>
> 18 Pa.C.S. § 2502 (relating to murder).
> 18 Pa.C.S. § 2503 (relating to voluntary manslaughter).
> 18 Pa.C.S. § 2702 (relating to aggravated assault).
> 18 Pa.C.S. § 2703 (relating to assault by prisoner).
> 18 Pa.C.S. § 2704 (relating to assault by life prisoner).
> 18 Pa.C.S. § 2901(a) (relating to kidnapping).
> 18 Pa.C.S. § 3122.1(a)(1) (relating to statutory sexual assault).
> 18 Pa.C.S. § 3301 (relating to arson and related offenses).
> 18 Pa.C.S. § 3502 (relating to burglary) when graded as a felony of the first degree.
> 18 Pa.C.S. § 3701 (relating to robbery).
> 18 Pa.C.S. § 3923 (relating to theft by extortion).
> 18 Pa.C.S. § 4302(a) (relating to incest).
> 18 Pa.C.S. § 5121 (relating to escape).

42 Pa.C.S. § 9802 (emphasis added).

Noting a drug offense is not one of the above-enumerated crimes that would exclude appellee from eligibility for county intermediate punishment, the Superior Court reasoned that under the sentencing guideline matrix, appellee would have received a

sentence of county imprisonment because her prior record score was zero and her offense gravity score was five.[5]  Stotelmyer, at 12.  Therefore, the court held appellee "'would otherwise be sentenced to a county correctional facility,'" within the meaning of § 9802.  Id., at 11 (citation omitted).  Accordingly, the court affirmed the judgment of sentence, concluding the Commonwealth failed to establish § 9763 did not authorize appellee's sentence of county intermediate punishment.  Id., at 12-13.

We granted review to address the following issue:

> Did the Superior Court err in holding that a person is statutorily eligible for a county intermediate punishment sentence when a mandatory minimum sentence applies under 18 Pa.C.S.A. § 7508?

Commonwealth v. Stotelmyer, 76 A.3d 536 (Pa. 2013) (per curiam).

The interplay between the mandatory minimum sentence provisions of 18 Pa.C.S. § 7508, the exception regarding sentencing options in 42 Pa.C.S. § 9721(a.1), and the definition of "eligible offender" in 42 Pa.C.S. § 9802 requires a measure of statutory interpretation, and "[b]ecause statutory interpretation is a question of law, our standard of review is de novo, and our scope of review is plenary.  In matters of statutory interpretation, the General Assembly's intent is paramount."  Commonwealth v. Hacker, 15 A.3d 333, 335 (Pa. 2011) (internal citation and quotation marks omitted) (citing 1 Pa.C.S. § 1921(a)).  Generally, such "'intent is best expressed through the plain language of the statute.'"  Commonwealth v. Hart, 28 A.3d 898, 908 (Pa. 2011) (citations omitted).  Thus, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b).  "Every statute shall be construed, if possible, to give effect to all

---

[5] The sentencing guidelines recommend a standard-range minimum sentence of restorative sanctions to nine months for PWID where the defendant possesses less than ten pounds of marijuana and has an offense gravity score of five and a prior record score of zero.  See 204 Pa. Code § 303.16(a) (Basic Sentencing Matrix).

its provisions." Id., § 1921(a). We presume the legislature did not intend a result that is absurd, impossible, or unreasonable, and that it "intends the entire statute to be effective and certain." Id., § 1922(1)-(2). "When evaluating the interplay of several statutory provisions, we recognize that statutes that relate to the same class of persons are in pari materia and 'should be construed together, if possible, as one statute.'" Hansley, at 1186 (quoting 1 Pa.C.S. § 1932). If two statutes conflict, they are to be construed so effect may be given to both, if possible; if this is not possible, the special provision prevails over the general one as an exception to it, unless the general one was enacted later and there is manifest legislative intent that it prevail. See 1 Pa.C.S. § 1933.

The Commonwealth points to 18 Pa.C.S. § 7508(c), which prohibits a sentencing court from deviating from the applicable mandatory minimum sentence and provides the sentencing guidelines shall not supersede § 7508's mandatory provisions. See id. The Commonwealth disagrees with the Superior Court's reasoning that this subsection is superseded because appellee was an "eligible offender" under § 9802; the Commonwealth reasons the maximum sentence for delivery of a Schedule I controlled substance[6] for an offender with an offense gravity score of five and a prior record score of zero is 60 months incarceration,[7] which means appellee could have received a state sentence of total confinement[8] and thus was not "a person convicted of an offense who would otherwise be sentenced to a county correctional facility[.]" Id., § 9802 (emphasis

---

[6] Marijuana is a Schedule I controlled substance. 35 P.S. § 780-104(1)(iv).

[7] See id., § 780-113(f)(2) (providing person who violates § 780-113(a)(30) with respect to Schedule I controlled substance is guilty of felony and upon conviction shall be sentenced to imprisonment not exceeding five years, or a fine not exceeding $15,000, or both).

[8] See 42 Pa.C.S. § 9762(a)(1) (providing "[m]aximum terms of five or more years shall be committed to the Department of Corrections for confinement").

added). The Commonwealth further contends because it proved by a preponderance of the evidence that the one-year mandatory minimum sentence applied, appellee was not a person who would be otherwise sentenced to a county facility within the meaning of § 9802. Finally, the Commonwealth contends the cases the Superior Court relied upon are distinguishable.

Appellee notes under 42 Pa.C.S. § 9802's plain language, an "eligible offender" is a person who: (1) has not been convicted of any of the crimes enumerated in that section, and (2) cannot be subject to 42 Pa.C.S. § 9721(a.1). As appellee was not convicted of any of the crimes listed in § 9802, she contends the ultimate issue is whether § 9721(a.1) applies to her. Section 9721(a.1) provides the sentencing options (one of which is county intermediate punishment) in subsection (a) do not apply when there is a mandatory minimum sentence "[u]nless specifically authorized under section 9763[,]" id., § 9721(a.1)(1); appellee argues § 9763 is not an authorizing statute and makes no provision for the imposition of mandatory sentences. Rather, appellee posits § 9763 is silent on the issue; therefore, we must ascertain legislative intent through judicial interpretation of § 9721(a.1). Appellee points to Williams — relied upon by the Superior Court — which permitted imposition of intermediate punishment for a DUI offense despite the fact DUI violations have mandatory minimum sentences. Finally, appellee contends a literal reading of § 9721(a.1) would lead to absurd results: if subsection (a) is inapplicable when there is a mandatory minimum sentence, then none of the sentencing options (e.g., partial/total confinement or a fine) can be imposed as the mandatory sentence, and there would be no punishment at all.

As the Superior Court noted, the options available to a sentencing court are enumerated in 42 Pa.C.S. § 9721(a):

> (a) General rule.—In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or

more of the following alternatives, and may impose them consecutively or concurrently:

> (1) An order of probation.
> (2) A determination of guilt without further penalty.
> (3) Partial confinement.
> (4) Total confinement.
> (5) A fine.
> (6) County intermediate punishment.
> (7) State intermediate punishment.

Id. (emphasis added). Subsection (a.1) contains the following exception:

> (1) Unless specifically authorized under section 9763 (relating to a sentence of county intermediate punishment) or 61 Pa.C.S. Ch. 41 (relating to State intermediate punishment), subsection (a) shall not apply where a mandatory minimum sentence is otherwise provided by law.

Id., § 9721(a.1)(1) (emphasis added). Thus, § 9721(a)'s seven alternatives are available to a sentencing court unless a mandatory minimum sentence applies; however, even if such sentence applies, the court may still impose county intermediate punishment if it is "specifically authorized" by § 9763.

Section 9763's general provision requires the sentencing court to specify the length of the term of punishment and sets parameters for such term. See id., § 9763(a). It then lists permissible conditions the court may attach upon the defendant as it deems necessary, id., § 9763(b), requires persons being sentenced for certain Vehicle Code violations[9] to undergo a drug and alcohol assessment and participate in treatment in conjunction with their county intermediate punishment, 42 Pa.C.S. § 9763(c), and includes a provision concerning sentencing following violation of the conditions in

---

[9] Specifically, 75 Pa.C.S. §§ 1543(b) (relating to driving while operating privilege is suspended or revoked), 3731 (former) (relating to driving under the influence of alcohol or controlled substance), or 3804 (relating to penalties) for a first, second, or third offense under 75 Pa.C.S. Ch. 38 (relating to driving after imbibing alcohol or utilizing drugs).

subsection (b), id., § 9763(d). Thus, while § 9763 apparently authorizes county intermediate punishment for offenses under the Vehicle Code even if there is a mandatory minimum sentence,[10] it does not address appellee's situation: whether the mandatory minimum sentence must be imposed when the sentencing guidelines allow for intermediate punishment for PWID.[11] Accordingly, we decline to find § 9763 authorizes deviation from § 7508's mandatory minimum sentence provision.

Section 7508, in addition to containing the mandatory minimum sentencing provision at issue here, also provides:

> (c) Mandatory sentencing.—There shall be no authority in any court to impose on an offender to which this section is applicable a lesser sentence than provided for herein or to place the offender on probation, parole or work release or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than provided herein. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided herein. Disposition under section 17 or 18 of The Controlled Substance, Drug, Device and Cosmetic Act shall not be available to a defendant to which this section applies.

18 Pa.C.S. § 7508(c) (emphasis added). The plain language of this subsection curtails a sentencing court's option to impose a lesser sentence once the mandatory minimum sentence is found applicable; furthermore, this subsection specifically provides the sentencing guidelines do not supersede a mandatory minimum sentence. Even without such provision, the guidelines (which are just that — guidelines) could never supersede

---

[10] This was the circumstance in Williams, supra, one of the cases the Superior Court relied on in affirming appellee's sentence.

[11] As discussed in note 6, supra, the recommended standard-range sentence for appellee was restorative sanctions to nine months. See 204 Pa. Code § 303.16(a) (Basic Sentencing Matrix).

or override a statute. Allowing the imposition of county intermediate punishment for persons subject to § 7508 would render subsection (c) of that statute meaningless.

Additionally, the Sentencing Code provides a sentencing court may not impose less than the mandatory minimum and states a guideline sentence which is less than the mandatory minimum cannot supersede the mandatory minimum:

> (h) Mandatory sentences.  The court has no authority to impose a sentence less than that required by a mandatory minimum provision established in statute.  When the guideline range is lower than that required by a mandatory sentencing statute, the mandatory minimum requirement supersedes the sentence recommendation.  When the sentence recommendation is higher than that required by a mandatory sentencing statute, the court shall consider the guideline sentence recommendation.

204 Pa. Code § 303.9(h) (emphasis added).  The Sentencing Code also contains a specific provision titled "Mandatory sentences for which county intermediate punishment is authorized."  Id., § 303.9(i).  The only offenses mentioned in this subsection are operating a watercraft under the influence of alcohol or controlled substance, 30 Pa.C.S. § 5502, and various Vehicle Code offenses, 75 Pa.C.S. §§ 1543(b), 3802, 3808(a)(2).  Drug offenses under Title 35 are absent from this list, and the legislature certainly could have included them had it wished to do so.

Thus, the plain language of 18 Pa.C.S. § 7508(c), read together with the above Sentencing Code provisions, makes clear the mandatory one-year prison sentence is what it says it is — mandatory.  Accordingly, the Superior Court improperly relied on § 9802 to hold appellee was eligible for anything else; as the sentence was not "authorized" by § 9763, appellee could not be an eligible offender under § 9802.

The cases the Superior Court relied on are distinguishable.  Williams involved a DUI recidivist, and there are specific provisions in 42 Pa.C.S. §§ 9763 and 9804 permitting such offenders to be sentenced to county intermediate punishment after

undergoing assessment — notwithstanding the mandatory sentencing provisions of § 3804 of the DUI statute — provided it is their first, second, or third DUI offense. See id., §§ 9763(c), 9804(b)(4)(i), (5). As previously noted, § 9763 is silent regarding Drug Act violations, as is § 9804, and neither section references a drug offender who is subject to a mandatory minimum prison sentence under § 7508. Had the legislature intended to have included this option, it would have done so, as it did with the DUI statute in Williams. Accordingly, Williams is not controlling in this instance.

Mazzetti, which the Superior Court relied on for the proposition that § 9721(a.1) permits the imposition of intermediate punishment even when there is a mandatory minimum sentence of incarceration, dealt with the discrete issue of "whether the Commonwealth's waiver of application of the school zone mandatory minimum sentence, under 18 Pa.C.S. § 6317, at the original sentencing precludes the Commonwealth from subsequently seeking its application following the revocation of probation." Mazzetti, at 60 (footnote omitted). We held the Commonwealth could not seek the mandatory minimum sentence at resentencing following probation revocation because it waived application of such sentence at initial sentencing; a court, at resentencing, is only vested with the same alternatives it originally possessed. Id., at 65-66. Significantly, we noted § 6317's mandatory sentencing provisions divest the sentencing court of the authority to impose a lesser sentence or place the defendant on probation, id., at 65 (quoting 18 Pa.C.S. § 6317(c)); the only reason the mandatory minimum did not have to be imposed was that the Commonwealth did not follow § 6317(b)'s notice requirements, id. (citing 18 Pa.C.S. § 6317(b) (requiring Commonwealth to provide reasonable notice of its intention to proceed under § 6317 after conviction and before sentencing)). Our comment, relied upon by the Superior Court, that "section 9721(a.1) acknowledges that 42 Pa.C.S. § 9763 authorizes the trial

court to impose a sentence of county intermediate punishment even if there is an applicable mandatory minimum[,]" id., at 66, can only be read as dicta in light of Mazzetti's specific issue.

Hansley involved the RRRI Act, under which a defendant initially sentenced to a minimum state sentence, if determined by the sentencing court to be eligible, is released on parole before the minimum sentence's expiration. The issue in Hansley was whether the RRRI Act applies to defendants sentenced to mandatory minimum terms required by the drug trafficking sentencing provisions of 18 Pa.C.S. §§ 6317 and 7508. Although we held the RRRI Act applies to such defendants, we noted that when the General Assembly drafted the Act, it simultaneously amended certain Sentencing Code provisions,[12] thereby evincing its awareness of the Act's effect on mandatory minimum sentences and its desire that the Act work in conformity with existing sentencing statutes. See Hansley, at 1190. No such intent is manifest in the Sentencing Code with respect to § 7508 itself; the only reason § 7508's mandatory minimum provision was held not to apply in Hansley was because the defendant received an RRRI Act sentence along with the mandatory minimum sentence under § 7508, which is not the case here. An RRRI Act minimum sentence is imposed "'in addition to a minimum sentence,' not instead of the minimum sentence." Id., at 1189 (citation omitted); see also 61 Pa.C.S. § 4505(c)(1)-(2). Thus, an offender still receives a mandatory minimum sentence along with an RRRI Act minimum sentence, unlike the situation in the instant case. Accordingly, Hansley is not directly on point.[13]

---

[12] Specifically, the legislature added 42 Pa.C.S. §§ 9756(b)(2) (permitting modification of minimum sentence) and 9756(b.1) (requiring trial court impose RRRI Act minimum sentence in addition to minimum sentence).

[13] In Hansley, we rejected the Commonwealth's argument that §§ 6317 and 7508's special provisions controlled the RRRI Act's more general ones, noting such classification was "mutable," as the RRRI Act pertained to a small subset of defendants (continued…)

Therefore, we hold the Superior Court erred in concluding § 9763 authorized imposition of a county intermediate sentence for appellee's PWID conviction. Section 7508 provides for a mandatory minimum sentence which, absent a specific statutory provision to the contrary, must be imposed. As county intermediate punishment was not authorized here, appellee was not eligible for any sentence other than the mandatory minimum. The order of the Superior Court is thus reversed and the matter remanded for resentencing.

Order reversed; case remanded. Jurisdiction relinquished.

Former Chief Justice Castille and Former Justice McCaffery did not participate in the decision of this case.

Messrs. Justice Baer and Stevens join the opinion.

Mr. Chief Justice Saylor files a dissenting opinion in which Madame Justice Todd joins.

---

(…continued)
and thus could also be considered special. Hansley, at 1189-90. We reasoned even if the RRRI Act was deemed the general statute, it was enacted later in time, and the legislature's intent that it control was manifest in the legislative design. Id., at 1190. Here, such classification is likewise "mutable" — in Hansley, we assumed § 7508 was the special provision, but it can be viewed as both special (pertaining to drug offenses) and general (prescribing mandatory minimum sentences). Therefore, we decline to use such nomenclature or employ a "general vs. special" analysis, see 1 Pa.C.S. § 1933, when a reading of the statutes in pari materia resolves the issue.