J-S51003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL HOFFMAN | |
| Appellant | No. 2647 EDA 2013 |

Appeal from the Judgment of Sentence August 16, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011924-2012

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED AUGUST 14, 2015**

Appellant, Michael Hoffman, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his open guilty plea to driving under the influence of alcohol ("DUI").[1]   We vacate and remand for IPP evaluation and resentencing.

The relevant facts and procedural history of this appeal are as follows. On January 1, 2011, Appellant crashed his car into another vehicle in a Philadelphia parking garage.  Police found Appellant very intoxicated at the scene of the accident, and Appellant refused a breathalyzer test.  Appellant had a prior DUI offense.  On June 24, 2011, the municipal court convicted

_____

[1] 75 Pa.C.S.A. § 3802(a)(1).

_____

*Retired Senior Judge assigned to the Superior Court.

Appellant of DUI as a second offense with refusal of testing and sentenced Appellant on August 8, 2011, to ninety (90) days to twelve (12) months' imprisonment.

Appellant filed a motion for reconsideration on August 18, 2011, which was denied by operation of law on December 19, 2011. On August 13, 2012, Appellant filed a petition to reinstate his appeal rights to the Court of Common Pleas ("CCP"), *nunc pro tunc*, which the municipal court reinstated on September 17, 2012. Appellant timely filed an appeal for a trial *de novo* with the CCP on October 5, 2012.

On April 8, 2013, Appellant entered an open guilty plea to DUI as a second offense with refusal of testing. The CCP sentenced Appellant on August 16, 2013, to a mandatory minimum of ninety (90) days to six (6) months' imprisonment, with immediate parole after ninety (90) days, and credit for time served. Appellant requested a sentence of house arrest or another alternative sentence under the intermediate punishment program ("IPP"). The Commonwealth did **not** object at that time. On September 16, 2013, Appellant filed a motion for post-sentence bail (R.O.R.), which the CCP granted, pending appeal; Appellant also timely filed a notice of appeal. On May 8, 2014, the CCP ordered a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a Rule 1925(b) statement on May 23, 2014.

Appellant raises one issue for our review:

> CAN A PHILADELPHIA COMMON PLEAS JUDGE ORDER "HOUSE ARREST" AND/OR "INTERMEDIATE PUNISHMENT" FOR A 2ND OFFENSE, TIER III DUI (MANDATORY MINIMUM 90 DAYS), OVER THE OBJECTION OF THE COMMONWEALTH?

(Appellant's Brief at 4).

Appellant argues he is eligible for IPP in Philadelphia, despite the ninety (90) day mandatory minimum for a second offense DUI with refusal of testing. Appellant relies on **Commonwealth v. Sarapa**, 13 A.3d 961 (Pa.Super. 2011), as controlling to the present case, and allows the court discretion to impose intermediate punishment for qualified DUI offenders. Appellant maintains the Commonwealth and the CCP erred in refusing to offer IPP, due to the mandatory sentencing found in the DUI statute. Appellant concludes this Court should remand the matter for evaluation to determine if Appellant qualifies for IPP. We agree.

Initially, we observe:

> The interplay between the mandatory minimum sentence provisions of [75 Pa.C.S.A. § 3804], the exception regarding sentencing options in 42 Pa.C.S. § 9721(a.1), and the definition of "eligible offender" in 42 Pa.C.S. § 9802 requires a measure of statutory interpretation, and [b]ecause statutory interpretation is a question of law, our standard of review is *de novo*, and our scope of review is plenary. In matters of statutory interpretation, the General Assembly's intent is paramount. Generally, such intent is best expressed through the plain language of the statute. Thus, [w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. Every statute shall be construed, if possible, to give effect to all its provisions. We presume the legislature did not intend a result that is absurd, impossible, or unreasonable, and that

- 3 -

it intends the entire statute to be effective and certain. When evaluating the interplay of several statutory provisions, we recognize that statutes that relate to the same class of persons are in *pari materia* and should be construed together, if possible, as one statute. If two statutes conflict, they are to be construed so effect may be given to both, if possible; if this is not possible, the special provision prevails over the general one as an exception to it, unless the general one was enacted later and there is manifest legislative intent that it prevail.

*Commonwealth v. Stotelmyer*, ___ Pa. ___, ___, 110 A.3d 146, 149-50 (2015).

Section 9721 of the Sentencing Code states:

**§ 9721. Sentencing Generally**

**(a) General Rule.—**In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:

(1) An order of probation.

(2) A determination of guilt without further penalty.

(3) Partial confinement.

(4) Total confinement.

(5) A fine.

(6) County intermediate punishment.

(7) State intermediate punishment.

**(a.1) Exception.—**

**(1) Unless specifically authorized under section 9763 (relating to a sentence of county intermediate punishment) or Chapter 99**

**(relating to State intermediate punishment), subsection (a) shall not apply where a mandatory minimum sentence is otherwise provided by law.**

42 Pa.C.S.A. § 9721 (emphasis of exception added).

Section 3804 of the DUI statute provides specific penalties for DUI offenders as follows:

**§ 3804. Penalties**

\* \* \*

**(c) Incapacity; highest blood alcohol; controlled substances.**—An individual who violates section 3802(a)(1) and refused testing of blood or breath or an individual who violates section 3802(c) or (d) shall be sentenced as follows:

\* \* \*

(2) For a second offense, to:

(i) undergo imprisonment of not less than 90 days;

(ii) pay a fine of not less than $1,500;

(iii) attend an alcohol highway safety school approved by the department; and

(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

75 Pa.C.S.A. § 3804. Section 9763 of the Sentencing Code addresses IPP sentencing, in relevant part, as follows:

**§ 9763. Sentence of county intermediate punishment**

**(a) General rule.**—In imposing a sentence of county intermediate punishment, the court shall specify at the

- 5 -

time of sentencing the length of the term for which the defendant is to be in a county intermediate punishment program established under Chapter 98 (relating to county intermediate punishment) or a combination of county intermediate punishment programs. The term may not exceed the maximum term for which the defendant could be confined and the program to which the defendant is sentenced. The court may order a defendant to serve a portion of the sentence under section 9755 (relating to sentence of partial confinement) or 9756 (relating to sentence of total confinement) and to serve a portion in a county intermediate punishment program or a combination of county intermediate punishment programs.

\* \* \*

**(c)** **Restriction.—**

(1) Any person receiving a penalty imposed pursuant to 75 Pa.C.S. § 1543(b) (relating to driving while operating privilege is suspended or revoked), former 75 Pa.C.S. § 3731 (relating to driving under influence of alcohol or controlled substance) or 75 Pa.C.S. § 3804 (relating to penalties) for a first, second or third offense under 75 Pa.C.S. Ch. 38 (relating to driving after imbibing alcohol or utilizing drugs) **may only be sentenced to county intermediate punishment after undergoing an assessment** under 75 Pa.C.S. § 3814 (relating to drug and alcohol assessments).

(2) If the defendant is determined to be in need of drug and alcohol treatment, the defendant may only be sentenced to county intermediate punishment which includes participation in drug and alcohol treatment under 75 Pa.C.S. § 3815(c) (relating to mandatory sentencing). The defendant may only be sentenced to county intermediate punishment in:

(i)   a residential inpatient program or a residential rehabilitative center;

(ii)   house arrest with electronic surveillance;

(iii) a partial confinement program such as work

release, work camp and halfway facility; or

(iv) any combination of the programs set forth in this paragraph.

* * *

42 Pa.C.S.A. § 9763(a), (c)(1)-(2) (emphasis added to text of statute).

Section 9804 of the Sentencing Code describes IPP and eligibility in pertinent part as:

**§ 9804.  County intermediate punishment programs**

* * *

**(b)  Eligibility.—**

(1)(i) No person other than the eligible offender shall be sentenced to a county intermediate punishment program.

(ii)  The prosecuting attorney, in the prosecuting attorney's sole discretion, may advise the court that the Commonwealth has elected to waive the eligibility requirements of this chapter if the victim has been given notice of the prosecuting attorney's intent to waive the eligibility requirements and an opportunity to be heard on the issue.

(iii)  The court, after considering victim input, may refuse to accept the prosecuting attorney's waiver of the eligibility requirements.

(2)  The Pennsylvania Commission on Sentencing shall employ the term "eligible offender" to further identify offenders who would be appropriate for participation in county intermediate punishment programs.  In developing the guidelines, the commission shall give primary consideration to protection of the public safety.

* * *

(4)(i) Any person receiving a penalty imposed pursuant to 75 Pa.C.S. § 1543(b) (relating to driving while operating privilege is suspended or revoked), **3804 (relating to penalties)** or 3808(a)(2) (relating to illegally operating a motor vehicle not equipped with ignition interlock) **shall undergo an assessment** under 75 Pa.C.S. § 3814 (relating to drug and alcohol assessments).

(ii)   If the defendant is determined to be in need of drug and alcohol treatment, a sentence to county intermediate punishment shall include participation in drug and alcohol treatment under 75 Pa.C.S. § 3815(c) (relating to mandatory sentencing).  The defendant may only be sentenced to county intermediate punishment in:

   (A) a residential inpatient program or a residential rehabilitative center;

   (B)  house arrest with electronic surveillance;

   (C) a partial confinement program such as work release, work camp and halfway facility; or

   (D) any combination of the programs set forth in this subparagraph.

(iii)   If the defendant is determined not to be in need of drug and alcohol treatment or if the defendant receives a penalty imposed under 30 Pa.C.S. § 5502(c.1) (relating to operating watercraft under influence of alcohol or controlled substance), the defendant may only be sentenced to a county intermediate punishment program in:

   (A)  house arrest with electronic surveillance;

   (B) partial confinement programs such as work release, work camps and halfway facilities; or

   (C) any combination of the programs set forth in this paragraph.

> **(5)   A defendant subject to 75 Pa.C.S.A. § 3804 (relating to penalties) may only be sentenced to county intermediate punishment for a first, second, or third offense.**

42 Pa.C.S.A. § 9804(b)(1)-(2), (4)-(5) (internal emphasis added).   The

county intermediate punishment ("CIP") act defines an eligible offender:

> **§ 9802.  Definitions**
>
> \*   \*   \*
>
> **"Eligible Offender."**     Subject to section 9721(a.1) (relating to sentencing generally), a person convicted of an offense who would otherwise be sentenced to a county correctional facility, who does not demonstrate a present or past pattern of violent behavior and who would otherwise be sentenced to partial confinement pursuant to section 9724 (relating to partial confinement) or total confinement pursuant to section 9725 (relating to total confinement).  The term does not include an offender who has been convicted or adjudicated delinquent of a crime requiring registration under Subchapter H of Chapter 97 (relating to registration of sexual offenders) or an offender with a current conviction or a prior conviction within the past ten years for any of the following offenses:
>
> 18 Pa.C.S. § 2502 (relating to murder).
>
> 18 Pa.C.S. § 2503 (relating to voluntary manslaughter).
>
> 18 Pa.C.S. § 2702 (relating to aggravated assault).
>
> 18 Pa.C.S. § 2703 (relating to assault by prisoner).
>
> 18 Pa.C.S. § 2704 (relating to assault by life prisoner).
>
> 18 Pa.C.S. § 2901(a) (relating to kidnapping).
>
> 18 Pa.C.S. § 3122.1(a)(1) (relating to statutory sexual assault).

18 Pa.C.S. § 3301 (relating to arson and related offenses).

18 Pa.C.S. § 3502 (relating to burglary) when graded as a felony of the first degree.

18 Pa.C.S. § 3701 (relating to robbery).

18 Pa.C.S. § 3923 (relating to theft by extortion).

18 Pa.C.S. § 4302(a) (relating to incest).

18 Pa.C.S. § 5121 (relating to escape).

42 Pa.C.S.A. § 9802 (footnote omitted).

The legislative intent in adopting IPP as a sentencing alternative was "to give judges another sentencing option which would lie between probation and incarceration with respect to sentencing severity; to provide a more appropriate form of punishment/treatment for certain types of non-violent offenders; to make the offender more accountable to the community; and to help reduce the county jail overcrowding problem while maintaining public safety." *Commonwealth v. Williams*, 941 A.2d 14, 24 (Pa.Super. 2008) (*en banc*) (quoting *Commonwealth v. Arthur Williams*, 868 A.2d 529, 534 (Pa.Super. 2005), *appeal denied*, 586 Pa. 726, 890 A.2d 1059 (2005)). "[T]he grant or denial of a defendant's request for IPP is largely within the sound discretion of the trial court." *Id.* The same discretion applies in the context of a **qualified** first, second or third DUI offender to IPP, regardless of the mandatory sentence set forth in the DUI statute, because the specific provisions in 42 Pa.C.S. §§ 9763 and 9804 permit the court to sentence

such offenders to IPP after they have undergone assessment—notwithstanding the mandatory sentencing provisions of Section 3804 of the DUI statute. **Stotelmyer, supra** at ___, 110 A.3d at 152.

Instantly, in response to Appellant's issue, the trial court reasoned:

> Appellant claims that at the time of sentencing [he] requested "house arrest" and/or "intermediate punishment" with respect to a second (2nd) offense, Tier III DUI (90 day mandatory). The [c]ourt opined that she "did not have the authority" to [o]rder the mandatory minimum to be served on house arrest; she further indicated a desire to grant it in her discretion, but felt she lacked said discretion.
>
> * * *
>
> While on its face, the mandatory minimums of the DUI sentencing provisions in Pennsylvania require a mandatory minimum 90 days incarceration with respect to a Tier III DUI, 2nd offense within ten (10) years[,] [t]he legislation enacted sets forth additional guidance.
>
> * * *
>
> [T]he [c]ourt believed it did lack the discretion to impose an alternative sentence such as [IPP] or [h]ouse [a]rrest. However, a fair reading of **Sarapa**...sets forth the ability of a [c]ourt to impose alternative sentences for DUI offenders if it is determined that, *inter alia*, the county restricts access to one type of intermediate punishment.
>
> Our General Assembly, in passing legislation enabling the creation of county intermediate punishment programs, intended to create a means of protecting society while at the same time promoting efficiency and economy in providing corrections services. Further, the legislature aimed "[t]o promote accountability of offenders to their local community." 42 Pa.C.S. § 9803(2). The General Assembly also stated that the purpose behind the Act was to both "fill gaps in local correctional services available to the court[,]" and "provide opportunities for offenders who

- 11 -

demonstrate special needs to receive services which enhance their ability to become contributing members of the community." 42 Pa.C.S. § 9803(3), (4). Accordingly, this is a question of law to be resolved.

The holding in **Sarapa**...does not require, on remand, that the trial court sentence Appellant to an IPP sentence; rather, the sentencing court should carefully consider the relevant criteria for IPP, the circumstances of Appellant's case, and whether Appellant would benefit from an IPP sentence.

Accordingly, if applicable, this Court would accept a remand and carefully review the local Philadelphia Programs available in order to determine whether a discretionary alternative sentence is proper application in this specific instance.

(Trial Court Opinion, filed January 16, 2015, at 2-3). We accept the trial court's analysis. This case involves Appellant's second DUI offense, which is subject to the mandatory minimum sentence in 75 Pa.C.S.A. § 3804(c)(2)(i). Neither the Commonwealth nor the trial court objects to Appellant's request for an IPP evaluation. Thus, the best resolution of this appeal is to remand for Appellant to undergo IPP evaluation and appropriate resentencing. **See Commonwealth v. Jurczak**, 86 A.3d 265 (Pa.Super. 2014) (explaining DUI offenders are required to undergo drug and alcohol assessment to qualify for IPP); 42 Pa.C.S.A. § 9802; 42 Pa.C.S.A. § 9804(b). Accordingly, we vacate and remand for IPP evaluation and resentencing.

Judgment of sentence vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/14/2015</u>