J-A15041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JASON ANDERSON | : | No. 2764 EDA 2014 |

Appeal from the Order Entered May 22, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s): CP-51-CR-0001233-2014

BEFORE: BOWES, MUNDY, and FITZGERALD,[*] JJ.

CONCURRING MEMORANDUM BY FITZGERALD, J.:    **FILED JULY 21, 2016**

Although I agree with the learned majority's determination to reverse the trial court's order and remand this matter for further proceedings, I would do so on different grounds. The majority concludes that Appellee's argument based on Act 235, and the trial court reasons for dismissal of the charges, was related to the firearm licensing exception in 18 Pa.C.S. § 6106(b)(6). Majority Mem. at 6. It thus declines to express an opinion on the interplay between Section 6106(b)(6) and Act 235, because Section 6106(b)(6) is an affirmative defense. *Id.* at 7. In my view, there are no relevant issues of material fact underlying the instant dispute, and it would

_____

[*] Former Justice specially assigned to the Superior Court.

be more appropriate to consider the interplay among the relevant statutes even at this preliminary stage of the underlying matter.

Preliminarily, I respectfully disagree with the majority's decision to frame the issue presented as an invocation of the affirmative defense under Section 6106(b)(6). *See* Trial Ct. Op., 9/24/14, at 6 (suggesting Section 6106 and 6108 are irreconcilable with Act 235); Appellee's Brief at 4 (noting, for the purposes of his pre-trial motion, that Section 6106(b)(6) applies "when the individual is carrying out [his] duties," but that it would be impractical to interpret Act 235 as not permitting an individual to go to and from duty while carrying a lethal weapon). In my view, identification of a claim as an affirmative defense does not preclude review of a legal question when there are no issues of material fact. To determine whether a disputed fact is material, we must consider the statutes at issue.

When considering the interpretation and interaction of statutes, the standard of review is *de novo* and the scope of review is plenary. ***Commonwealth v. Stotelmyer***, 110 A.3d 146, 149 (Pa. 2015).

> In all matters involving statutory interpretation, we apply the Statutory Construction Act, 1 Pa.C.S. § 1501 *et seq.*, which provides that the object of interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S. § 1921(a). A statute's plain language generally provides the best indication of legislative intent. Only where the words of a statute are not explicit will we resort to other considerations to discern legislative intent. 1 Pa.C.S. § 1921(c).

*Commonwealth v. McCoy*, 962 A.2d 1160, 1166 (Pa. 2009) (some citations omitted).

> When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:
>
> (1) The occasion and necessity for the statute.
>
> (2) The circumstances under which it was enacted.
>
> (3) The mischief to be remedied.
>
> (4) The object to be attained.
>
> (5) The former law, if any, including other statutes upon the same or similar subjects.
>
> (6) The consequences of a particular interpretation.
>
> (7) The contemporaneous legislative history.
>
> (8) Legislative and administrative interpretations of such statute.

1 Pa.C.S. § 1921(c). "[W]hen the courts of this Commonwealth are faced with interpreting statutory language, they afford great deference to the interpretation rendered by the administrative agency overseeing the implementation of such legislation." *Banfield v. Cortes*, 110 A.3d 155, 174 (Pa. 2015) (citation omitted).

The statutes relevant to this appeal are as follows. The Commonwealth charged Appellee with firearms not to be carried without a license and carrying a firearm on public streets or public property in

Philadelphia. **See** 18 Pa.C.S. §§ 6106(a)(1), 6108. Section 6106 states in relevant part:

> **(a) Offense defined.—**
>
> (1) . . . any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.
>
> \* \* \*
>
> **(b) Exceptions.—**The provisions of [18 Pa.C.S. § 6106(a)] shall not apply to:
>
> \* \* \*
>
> (6) Agents, messengers and other employees of common carriers, banks, or business firms, whose duties require them to protect moneys, valuables and other property in the discharge of such duties.

18 Pa.C.S. § 6106(a)(1), (b)(6).[1]

Section 6108 provides:

> No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:
>
> (1) such person is licensed to carry a firearm;[2] or

---

[1] Section 6106(b) lists sixteen total exceptions.

[2] Licensure is an element of Section 6106(a)(1), but an affirmative defense to Section 6108. **Commonwealth v. Bigelow**, 399 A.2d 392, 396 (Pa. 1979).

(2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

18 Pa.C.S. § 6108.

Additionally, Section 6109 sets forth the following relevant licensing provisions:

**(a) Purpose of license.**—A license to carry a firearm shall be for the purpose of carrying a firearm concealed on or about one's person or in a vehicle throughout this Commonwealth.

**(b) Place of application.—**An individual who is 21 years of age or older may apply to a sheriff for a license to carry a firearm concealed on or about his person or in a vehicle within this Commonwealth. If the applicant is a resident of this Commonwealth, he shall make application with the sheriff of the county in which he resides or, if a resident of a city of the first class, with the chief of police of that city.

\* \* \*

(**g) Grant or denial of license.—**Upon the receipt of an application for a license to carry a firearm, the sheriff shall, within 45 days, issue or refuse to issue a license on the basis of the investigation under subsection (d) and the accuracy of the information contained in the application. If the sheriff refuses to issue a license, the sheriff shall notify the applicant in writing of the refusal and the specific reasons. . . .

18 Pa.C.S. § 6109(a), (b), (g).

Act 235 defines the following terms. "'Privately employed agents' include any person employed for the purpose of providing watch guard, protective patrol, detective or criminal investigative services either for another for a fee or for his employer." 22 P.S. § 43. "'Lethal weapons'

include but are not limited to firearms and other weapons calculated to produce death or serious bodily harm," including a "concealed billy club." *Id.*

Act 235 requires the Commissioner of the Pennsylvania State Police to implement "physical and psychological testing and screening of the candidate for the purpose of barring from the program those not physically or mentally fit to handle lethal weapons." 22 P.S. § 45(2). Further, the commissioner must "implement and administer or approve the minimum courses of study and training in the handling of lethal weapons, law enforcement and protection of the rights of citizens." 22 P.S. § 45(1). The commissioner, following a review of an application, may issue a "certificate of qualification," which "entitles the applicant to enroll in an approved program." 22 P.S. § 46(f). The commissioner later certifies "those individuals who have satisfactorily completed basic educational and training requirements" and issues "appropriate certificates" and "an appropriate wallet or billfold size copy of the certificate" to the agent. 22 P.S. §§ 45(7), 47(b). The certificate issued upon completion of the education and training requirements is the Act 235 certificate referred to in this appeal.

As to privately employed agents, Act 235 establishes the following requirements. "All privately employed agents . . . who, as an incidence to their employment, carry a lethal weapon shall be required to attend" "[a]n education and training program in the handling of lethal weapons, law

enforcement and protection of rights of citizens . . . ."  22 P.S. § 44(a), (b).

"Privately employed agents must possess a valid certificate whenever on duty or going to and from duty and carrying a lethal weapon."  22 P.S. § 48(a).  "Every certified individual shall carry his wallet or billfold size certificate on his person as identification during the time when he is on duty or going to and from duty and carrying a lethal weapon."  22 P.S. § 47(c).

Act 235 contains the following penalties.  "Any privately employed agent who in the course of his employ carries a lethal weapon, and who fails to comply with" 22 P.S. §§ 44(b) or 48(a), regarding possession of a certificate, commits an ungraded misdemeanor.  22 P.S. § 49(a).  "Any privately employed agent who in the course of his employ carries a lethal weapon, and who violates" 22 P.S. § 47(c), requiring the carrying of a certificate when "on duty or going to and from duty and carrying a lethal weapon," commits a summary offense.  *See* 22 P.S. § 49(b).

Notably, the language of Act 235 is obligatory.  A privately employed agent must be qualified, complete the education and training components, and then carry the issued certification when carrying a firearm on duty or going to and from duty.  Act 235, contains no permissive language, particularly when contrasted against Section 6109's language that "[a] license to carry a firearm shall be for the purpose of carrying a firearm concealed on or about one's person or in a vehicle throughout this Commonwealth."  *See* 18 Pa.C.S. § 6109(a).  This interpretation of the plain

language of each statute, as well as the interplay of the statutes, supports the Pennsylvania State Police's view that "[t]he issuance of a certification card to a privately employed agent does not grant the agent the right or privilege to carry, possess, own, or have under his control a firearm contrary to 18 Pa.C.S. §§ 6101-6120 (relating to Uniform Firearms Act)." 37 Pa. Code § 21.26(d).

Furthermore, even if ambiguity exists in the application of either Act 235 or the Uniform Firearms Act, consideration the mischief to be remedied and the object to be attained by the statutes is illuminating. Section 6106 and 6108 seek to regulate the unlicensed carrying of firearms in a particular manner or in a particular location. The express purposes of Act 235 is to provide for the education and training of privately employed agents. Each statute is given their fullest intended effect if they are construed as independent but overlapping regulations.[3] **See Stotelmyer**, 110 A.3d at 150.

In sum, I believe the question of the interplay between the Pennsylvania Uniform Firearm Act and Act 235 is properly before this Court, and this Court should clearly answer the legal question presented. Such clarity is of paramount importance to the instant parties and the trial court in preparation for trial. Furthermore, similarly situated individuals and entities

---

[3] There is nothing novel in this approach to Section 6106, 6108, and 6109 and Act 235 in light of the past practices of this Court.

would benefit from a definitive answer in this area. Accordingly, I would hold that Act 235 does not operate as a "provisional license" that excuses a failure to possess a valid license.

Thus, I respectfully concur in the result.