J-S09017-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANGELA MARLENE WINTERS | : | |
| | : | |
| Appellant | : | No. 733 WDA 2018 |

Appeal from the Judgment of Sentence April 4, 2018
In the Court of Common Pleas of Crawford County Criminal Division at
No(s):  CP-20-SA-0000048-2016

BEFORE:   PANELLA, P.J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                    FILED SEPTEMBER 27, 2019

Angela Marlene Winters appeals from the judgment of sentence, entered in the Court of Common Pleas of Crawford County, following her conviction for driving while her operating privileges were suspended or revoked (driving under suspension, DUI related).[1]   On appeal, Winters challenges the discretionary aspects of her sentence.  After careful review, we affirm.

This case has a tortuous procedural history, complicated by Winters' pro se filings amid circumstances which made it unclear who, if anyone, represented her.  We previously summarized the factual background of this case as follows:

> On March 10, 2007, Winters was cited for driving under the influence (DUI)—highest rate of alcohol.  As a result, her license was suspended for one year, effective April 21, 2009.  Winters

_____

[1] 75 Pa.C.S.A. § 1543(b)(1)(i).

_____

*   Retired Senior Judge assigned to the Superior Court.

became eligible to have her license restored on April 21, 2010, but never took the necessary steps to do so.

On August 23, 2016, the Pennsylvania State Police cited Winters for the act underpinning the instant conviction—driving under suspension, DUI-related. In a November 3, 2016 letter to Magisterial District Court, Winters contested the citation. Winters failed to appear for her December 6, 2016 hearing; consequently, Magisterial District Judge Lincoln S. Zilhaver sentenced her to the mandatory minimum sentence of 60 days' incarceration. Winters petitioned for leave to appeal in forma pauperis on December 9, 2016, which the court granted on December 12, 2016. On December 13, 2016, Winters filed a notice of appeal from her summary criminal conviction.

Winter's trial de novo was repeatedly rescheduled until April 4, 2018,[2] on which date, while represented by Assistant Public Defender Gary A. Kern, Esquire, the Honorable Anthony J. Vardaro found Winters in violation of section 1543(b) of the Motor Vehicle Code and sentenced her to 60 days' imprisonment, a $500 fine, and associated court costs[.]

On April 25, 2018, Winters filed a pro se motion to modify sentence, requesting house arrest in lieu of incarceration owing to her physical ailments and the demands of caring for her five-year-old son. The court docketed the motion, scheduled a hearing for May 1, 2018, and provided notice to the public defender's office of Winters' pro se filing by email. On April 27, 2018, Winters filed a pro se petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, in which she alleged Attorney Kern had refused to file an appeal and requested the assistance of new counsel. That same day, Judge Vardaro dismissed Winters' pro se motion to modify sentence without a hearing, stating the motion had been improperly filed in motions court and again notified the public defender's office of Winters' pro se legal activity. On April

---

[2] Previously, this Court interpreted the trial court's Pa.R.A.P. 1925(a) opinion as indicating that no transcript of Winters' sentencing hearing existed. See Pa.R.A.P. 1925(a) opinion, 6/6/18, at 1 ("This [c]ourt does not have the transcript of this matter at this time for the Court[.]"). Following remand, the trial court indicated, in fact, it had produced a record of the hearing, but Winters failed to comply with Pa.R.A.P. 905(a), which, inter alia, requires appellants to order transcripts. Pa.R.A.P. 1925(a) opinion, 5/6/19, at 2.

30, 2018, Judge Vardaro permitted Winters to proceed in forma pauperis on the PCRA petition, and appointed Edward J. Hatheway, Esquire, as PCRA counsel. The court, however, continued to notify the public defender's office of Winters' activity, as Attorney Kern had not yet withdrawn as appellate counsel. On May 4, 2018, Winters filed a timely pro se notice of appeal from her April 4, 2018 judgment of sentence to the Superior Court.

Though Winters' notice of appeal should have divested the trial court of jurisdiction, on May 14, 2018, Attorney Hatheway, as PCRA counsel, filed a Turner/Finley "no merit" letter and a motion to withdraw, wherein he stated the following issues, raised by Winters in her pro se filing, lacked merit:

> 1)    Whether the defendant's trial attorney was ineffective in representing the defendant by failing to urge the [c]ourt to sentence the defendant to house arrest/electronic home monitoring as opposed to incarceration for her conviction of [driving under suspension]?
>
> 2)    Whether the defendant's trial attorney was ineffective in representing the defendant by failing to file an appeal to the Superior Court raising the issue that the trial court had abused its sentencing discretion by sentencing the defendant to 60 days of incarceration for [driving under suspension]?

With respect to the first issue, Attorney Hatheway believed Attorney Kern made Winters' desire for house arrest clear to Judge Vardaro at sentencing. Attorney Hatheway did not address the merits of Winters' second issue, making no statement as to whether Attorney Kern failed to file an appeal. Instead, Attorney Hatheway concluded Winters' sentence was legal, stating "[t]he Superior Court is not going to conclude that Judge Vardaro abused his sentencing discretion[.]"

On May 15, 2018, Attorney Kern—who was still named on the docket as Winters' counsel of record—filed a petition to withdraw as counsel. The following day, without holding a hearing or notifying Winters, the court granted Attorney Kern's petition to withdraw as counsel. On May 18, 2018, Judge Vardaro granted Attorney Hatheway's motion to withdraw as PCRA counsel, dismissed Winters' PCRA petition, and construed Winters' May 4,

2018 filing as a timely notice of appeal from her April 4, 2018 judgment of sentence.

Though the court found itself without jurisdiction to assess Winters' PCRA claim, it nonetheless offered its opinion on the underlying issues. With respect to Attorney Kern's failure to file an appeal, the court stated, "the issue with regard to defense counsel being ineffective in failing to file an appeal to the Superior Court has been resolved since the defendant filed her own timely notice of appeal[.]" With respect to Attorney Kern's failure to pursue house arrest, the court stated, "while we do not have a transcript, our recollection is the Defendant's attorney at the time of sentencing argued for [h]ouse [a]rrest . . . and we rejected that option." Winters subsequently proceeded with her pro se direct appeal; both Winters and the court complied with Pa.R.A.P. 1925.

On appeal, Winters challenges the discretionary aspects of her sentence, arguing Judge Vardaro abused his discretion in sentencing her to 60 days of incarceration rather than 60 days of house arrest.

Commonwealth v. Winters, 733 WDA 2018, 2–7 (Pa. Super. filed 4/1/19) (unpublished memorandum) (citations, quotations, and footnotes omitted).

We remanded this case to determine whether Winters preserved a claim challenging the discretionary aspects of her sentence during her April 4, 2018 sentencing hearing. Id. at 10, 12. In the event Winters preserved her claim, we instructed the court to determine whether Winters desired counsel, and if so, to appoint counsel to proceed on her behalf. Id. at 12.

On April 29, 2019, the court held the requested hearing, during which the assistant district attorney stated Winters' trial counsel had preserved her claim at sentencing by arguing in favor of house arrest. See N.T. Hearing, 4/29/19, at 3 ("Attorney Kern argued for house arrest on her behalf. I distinctly remember that. So I think there's no doubt the issue is preserved.").

The court concurred with the district attorney's assessment. Id. On May 6, 2019, the court issued an order stating Winters had preserved her claim and appointing Joseph Ferguson, Esquire to represent her on appeal. Order, 5/6/19, at 1. Both Winters and the court timely complied with Pa.R.A.P. 1925.

Winters raised the following claim on appeal:

Was the sentence imposed by the [c]ourt an abuse of discretion because imposing a sentence of total confinement without adequately addressing the statutory framework behind the defendant's specific request for a house arrest sentence was unreasonable and inconsistent with the fundamental norms underlying the sentencing process?

Brief of Appellant, at 5.

Winters' claim implicates the discretionary aspects of her sentence. Such a challenge is not appealable as of right. Rather, an appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781.[3] Commonwealth v. Colon, 102 A.3d 1033, 1042 (Pa. Super. 2014).

---

[3] Winters, while asserting her ability to challenge the discretionary aspects of her sentence, candidly notes that 42 Pa.C.S.A. § 9781(b) contemplates felonies and misdemeanors, not summary offenses. See Brief of Appellant, at 13; see also 42 Pa.C.S.A. § 9781(b) (that "the defendant . . . may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals.") (emphasis added).

We, nonetheless, consider Winters' appeal under the above-mentioned, framework for evaluating discretionary aspect claims. In Commonwealth v. Tuladziecki, 522 A.2d 17 (Pa. 1987), our Supreme Court "examine[d] the procedure by which [an appellant] obtained review[,]" and found it "significant that Section 9781(b) specifies that allowance of appeal of the discretionary aspects of sentence may be granted 'where it appears that there is a

> Before we reach the merits of this issue, we must engage in a four[-]part analysis to determine:   (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

Id. at 1042-43, quoting Commonwealth v. Austin, 66 A.3d 798, 808 (Pa. Super. 2013).

Here, Winters filed a post-sentence motion for reconsideration of her sentence, followed by a timely notice of appeal.  In addition, she has included

_____

substantial question that the sentence imposed is not appropriate under this chapter.'  The chapter referred to is, of course, the entire sentencing code." Id. at 20 (quoting 42 Pa.C.S.A. § 9781(b)).

This Court has subsequently relied on Tuladziecki in applying the standard framework for evaluating discretionary aspect of sentence claims to appeals from summary convictions that implicate the Sentencing Code, including sentences of incarceration for violations of driving while under suspension under 75 Pa.C.S.A. § 1543.  See Commonwealth v. Kraft, 737 A.2d 755, 757 (Pa. Super. 1999) (citing Tuladziecki, supra at 20) (finding driver sentenced to 90 days' incarceration for violating 75 Pa.C.S.A. § 1543 did not raise a substantial question); see also Commonwealth v. Barzyk, 692 A.2d 211, 216 (Pa. Super. 1997) (citing Tuladziecki, supra at 20) (finding Tuladziecki binding in context of summary offense where discretionary aspect claim raised issue under sentencing code).

Winters has raised a claim implicating the court's discretion under the Sentencing Code.  See Brief of Appellant, at 11–12 (asserting error under 42 Pa.C.S.A. § 9763(c)(1), a subsection of the Sentencing Code).  We note the incongruity inherent in analyzing a summary conviction under a framework derived from 42 Pa.C.S.A. § 9781; we, however, feel obligated to do so under the constraints of precedent, the factual circumstances before us, and in the absence of objection to such analysis by either party.  Kraft, supra at 757; Barzyk, supra at 216.

in her brief a concise statement of reasons relied upon for appeal pursuant to Pa.R.A.P. 2119(f).  Accordingly, we must now determine whether Winters has raised a substantial question for our review.

A substantial question requires a showing that "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." Commonwealth v. Mouzon, 812 A.2d 617, 627 (Pa. 2002).  We apply the following standard:

> In determining whether a substantial question exists, this Court does not examine the merits of whether a sentence is actually excessive.  Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

Commonwealth v. Dodge, 77 A.3d 1263, 1270 (Pa. Super. 2013).

Winters "contends that she was not given the opportunity to undergo a drug and alcohol assessment pursuant to 75 Pa.C.S.A. § 3814.  The benefit of having undergone such an assessment would afford the appellant to be sentenced to home confinement as permitted by 42 Pa.C.S.A. 9763(c)(1)." Brief of Appellant, at 12.  Winters' Rule 2119(f) statement does not point to any provision of the Sentencing Code[4] which would entitle her to a drug or alcohol evaluation.  See Brief of Appellant, at 11–14.  Winters' claim,

_____

[4] The provision governing drug and alcohol assessments cited by Winters, 75 Pa.C.S.A. § 3814, is under the Motor Vehicle Code, not the Sentencing Code.

therefore, boils down to a complaint that she was not made eligible for a discretionary, less restrictive sentence; consequently, she has failed to raise a substantial question for our review.[5]   See Mouzon, supra at 627 (requiring appellant highlight violation of Sentencing Code or fundamental norm).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/27/2019

_____

[5] We note "[t]he grant or denial of a defendant's request for [county intermediate punishment] is largely within the sound discretion of the trial court."  Commonwealth v. Hoffman, 123 A.3d 1065, 1070 (Pa. Super. 2015).  The court's ability to afford defendants the opportunity to serve their time under county intermediate punishment is limited by certain restrictions, including the following:  "[a]ny person receiving a penalty imposed pursuant to 75 Pa.C.S.[A.] § 1543(b) (relating to driving while operating privilege is suspended or revoked) . . . may only be sentenced to county intermediate punishment after undergoing an assessment under 75 Pa.C.S. § 3814 (relating to drug and alcohol assessments)."  42 Pa.C.S.A. § 9763(c)(1) (emphasis added).  The plain meaning of this language does not render drug and alcohol assessments mandatory.  See Commonwealth v. Torres-Kuilan, 156 A.3d 1229, 1231 (Pa. Super. 2017) ("[W]hen ascertaining the meaning of a statute, if the language is clear, we will give the words their plain and ordinary meaning.").