J-A33002-16

2017 PA Super 59

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA<br><br>Appellee<br><br>v.<br><br>RUSSELL ROBIN WATSON<br><br>Appellant | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br>No. 1875 WDA 2015 |

Appeal from the Judgment of Sentence November 4, 2015
In the Court of Common Pleas of Greene County
Criminal Division at No(s): CP-30-CR-0000028-2015

BEFORE: LAZARUS, J., SOLANO, J., and STRASSBURGER, J.[*]

OPINION BY LAZARUS, J.:                          **FILED MARCH 08, 2017**

Russell Robin Watson appeals from the judgment of sentence entered in the Court of Common Pleas of Greene County. After our review, we vacate and remand with instructions.

On June 11, 2015, Watson entered an open plea of no contest to Driving Under the Influence (DUI) (Second Offense- [Within] Ten Years),[1] Driving on Right Side of Roadway,[2] and Disregard Traffic Lane.[3] The court

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1), (c).

[2] 75 Pa.C.S. § 3301(a)(1).

[3] 75 Pa.C.S. § 3309.

> Whenever any roadway has been divided into two or more
> clearly marked lanes for traffic the following rules in

*(Footnote Continued Next Page)*

ordered a presentencing investigation report (PSI), which was filed on July 7, 2015. The PSI included a DUI Drug and Alcohol Assessment (Assessment), dated January 13, 2015. The Assessment included a recommendation for treatment: "If he is found guilty he would be required to complete the DUI Outpatient Treatment Program at the SPHS [Southwestern Pennsylvania Human Services] CARE Center. He would also need to complete the AAHS [Alcohol Highway Safety School], through Greene County Probation Office." DUI Drug and Alcohol Assessment, 1/13/15.

Nine months later, on September 1, 2015, President Judge Farley Toothman held a sentencing hearing. There, the Commonwealth argued that the mandatory sentence of five years' imprisonment was appropriate. **See** 75 Pa.C.S.A. § 3804(d).[4] The court accepted into evidence the PSI, which included Watson's statement that he had "completed outpatient

_(Footnote Continued)_ _____

> addition to all others not inconsistent therewith shall apply: . . . A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety.

75 Pa.C.S.A. § 3804(d).

[4] Section 3803(b)(4) of the Vehicle Code provides that an individual who violates section 3802(c) and has one or more prior offenses commits a misdemeanor of the first degree. 75 Pa.C.S.A. § 3803(b)(4). A person convicted of a misdemeanor of the first degree may be sentenced to a term of imprisonment, **the maximum of which is not more than five years.** 18 Pa.C.S.A. § 106(b)(6).

counseling at SPHS CARE, having attended from February 24, 2015 to April 15, 2015." Presentence Investigation, 7/7/15, at 4. The trial court stated that it "recognized the record indicated that [Watson] had completed all provisions and recommendations of his Drug and Alcohol Assessment, prior to sentencing[.]" Trial Court Opinion, 4/25/16, at 2.[5]

The court sentenced Watson to five years of County Intermediate Punishment (CIP) supervision. N.T. Sentencing Hearing, 9/1/15, at 33. Notably, the court stated:

> **The Court recognizes that the record indicates you have complied with all provisions and recommendations of your drug and alcohol assessment,** and yet the Court encourages the Defendant to seek treatment as is in his best interest. . . . And further, we find you eligible to serve a sentence of County Intermediate Punishment, and we direct that you become familiar with the County Intermediate Punishment rules and regulations and abide by them. . . . [H]aving found you eligible to serve a sentence of County Intermediate Punishment supervision, more specifically defined as the first 180 days on house arrest with GPS and alcohol monitoring device attached, with privileges of work release and furlough as reasonably necessary to care for your family and child's medical and mental health matters, and thereafter, being four year[s] and 6 months, we order you to be supervis[ed] according to the regular rules and regulations. . . . This is a total sentence then of five years of County Intermediate Punishment, with 180 days of house

---

[5] Watson was subject to the Assessment by virtue of his prior conviction, within ten years, for an offense under section 3802, in particular, section 3802(c) (Highest rate of alcohol) ("An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle."). 75 Pa.C.S.A. § 3802(c).

arrest with privileges of furlough as ordered, fine of $1,550 and 225 hours of community service.

*Id.* at 32-33 (emphasis added).

On September 3, 2015, the court entered an order vacating its September 1, 2015 sentencing order, noting it had failed to give Watson his right of allocution. At resentencing on November 4, 2015, the court confirmed the terms of the September 1, 2015 sentencing order. *See* N.T. Resentencing Hearing, 11/4/15, at 15. In between the January 13, 2015 assessment and the resentencing hearing on November 4, 2015, Watson had completed his Repeat Offenders Program and all other recommended treatment. No further treatment was recommended.

At the resentencing hearing, the court noted, in particular, that

with regard to the Court being on the record with regard to having sentenced the Defendant to a maximum term of 60 months, **the Court does wish to confirm to the record it is because this Court is bound by the statute and considers the January 13, 2015 drug and alcohol assessment to mandate the Court's sentence to a maximum term**, and recognizing that in doing so, the Court has given more weight to the January 13, 2015 assessment than the April 15, 2015 assessment.

*Id.* at 15-16 (emphasis added).

Watson filed a motion for reconsideration, which the trial court denied. Watson filed this timely appeal. He argues that, because he completed counseling and assessment pursuant to 75 Pa.C.S.A. § 3814, and no further treatment was recommended, the court was *not* bound by statute to impose

- 4 -

a mandatory sentence of five years' CIP[6] supervision. Watson claims that the mandatory five years is applicable only if further treatment is necessary, and that, otherwise, the court has discretion with respect to the term of CIP supervision. It was the court's understanding that it had no discretion to sentence less than 60 months. **See** N.T. Sentencing Hearing, 11/4/15, at 19-20.

Watson raises the following issues for our review:

1. Was there a Drug and Alcohol Assessment performed pursuant to 75 Pa.C.S.A. § 3814(2) indicating [Watson] was in need of further treatment?

2. Did the lower court err in relying upon a Drug and Alcohol Assessment which was not performed pursuant to 75 Pa.C.S.A. § 3814 in finding that the [Watson] was in need of further treatment despite the fact he had done all treatment mentioned in the only assessment that existed at the time of sentencing?

3. Was there an abuse of discretion in failing to equitably apply the statutory requirements of 75 Pa.C.S.A. §§ 3804(d) and 3814?

Appellant's Brief, at 8-9.

This case involves the relationship between the mandatory sentencing provisions of the DUI statute and the discretionary sentencing provisions of the Sentencing Code. This presents a question of law. "As with all

---

[6] County intermediate punishment is a statutorily authorized sentencing alternative pursuant to 42 Pa.C.S.A. § 9721(a)(6). **Commonwealth v. Williams**, 941 A.2d 14, 21 (Pa. Super. 2008) (en banc ).

questions of law, the appellate standard of review is *de novo[.]"* **In re Wilson**, 879 A.2d 199, 214 (Pa. Super. 2005) (en banc).

In **Commonwealth v. Williams**, 941 A.2d 14 (Pa. Super. 2008) (en banc), this Court addressed the issue of whether, notwithstanding mandatory DUI penalties, the sentencing court retains the discretion to impose CIP in qualified programs for qualified offenders. Williams was convicted of DUI under 75 Pa.C.S. § 3802(a)(1), a second offense, an ungraded misdemeanor, not involving a BAC refusal, but involving an accident. The court sentenced Williams to incarceration for a period of thirty days, followed by five months' probation. The court directed that "all periods of incarceration shall be served under qualified restrictive intermediate punishment on house arrest with electronic monitoring with drug and alcohol testing monitored by the Mercer County Intermediate Punishment Program [CIP] if [Williams] qualifies[.]" **Williams**, 941 A.2d at 20.

On appeal, we were asked to decide whether the sentencing court had the statutory authority to impose a sentence under the CIP program, "in light of the mandatory sentencing provisions of the DUI statute, which call for a fixed term of imprisonment." **Id.** at 18. We held the court acted within its statutory authority and discretion when it imposed CIP for Williams' second DUI offense, ***so long as the program is a qualified county intermediate punishment program and Williams is a qualified***

*"eligible offender."*[7] *Id.* at 26, citing *Commonwealth v. Syno*, 791 A.2d 363 (Pa. Super. 2002) (emphasis added).

Recently, in *Commonwealth v. Popielarcheck*, 2016 PA Super. 276, --- A.3d --- (filed December 6, 2016), this Court held, as a matter of first impression, that "where a sentencing court sentences a DUI defendant to County Intermediate Punishment pursuant to 42 Pa.C.S. § 9763, the sentencing court is *not required to impose a mandatory maximum sentence pursuant to 75 Pa.C.S. § 3804(d).*" *Id.* at *1. There, Popielarcheck pled guilty to two counts of DUI, (Second Offense – [Within] Ten Years),[8] and related offenses. The court ordered a presentence investigation and modified bail to require Popielarcheck to report for inpatient drug and alcohol therapy and to complete all recommended treatment. The parties did not dispute that Popielarcheck was a qualified offender and thus she was required to undergo "a full assessment for alcohol and drug addiction," pursuant to section 3814.[9] The parties also did not

_____

[7] *See Commonwealth v. Arest*, 734 A.2d 910 (Pa. Super. 1999) (en banc) (holding sentence of intermediate punishment must be pursuant to approved county intermediate punishment program). *See also* 204 Pa.Code § 303.12 (setting forth regulations and statutes that govern operation of and eligibility for county intermediate punishment programs).

[8] The parties did not dispute that this was Popielarcheck's second DUI in ten years, that it was graded as a misdemeanor of the first degree, and that she faced a maximum sentence of five years.

[9] Specifically, the full Assessment under section 3814(2) applies under the following circumstances:

*(Footnote Continued Next Page)*

dispute that, following the assessment, it was determined that Popielarcheck *was in need of further treatment,* and that she was eligible for a sentence of CIP.

*(Footnote Continued)* ————————————

If a defendant is convicted or pleads guilty or no contest to a violation of section 3802 (relating to driving under influence of alcohol or controlled substance), the following apply prior to sentencing:

(1) The defendant shall be evaluated under section 3816(a) (relating to requirements for driving under influence offenders) and any other additional evaluation techniques deemed appropriate by the court to determine the extent of the defendant's involvement with alcohol or other drug and to assist the court in determining what type of sentence would benefit the defendant and the public.

(2) The defendant shall be subject to a full assessment for alcohol and drug addiction **if any of the following subparagraphs apply**:

>   (i) The defendant, within ten years prior to the offense for which sentence is being imposed, has been sentenced for an offense under:
>
>>   (A) section 3802;
>>
>>   (B) former section 3731; or
>>
>>   (C) an equivalent offense in another jurisdiction.
>
>   (ii) Either:
>
>>   (A) the evaluation under paragraph (1) indicates there is a need for counseling or treatment; or
>>
>>   (B) the defendant's blood alcohol content at the time of the offense was at least .16%.

75 Pa.C.S. § 3814(2).

The court sentenced Popielarcheck to a term of two years of CIP, with 120 days to be served on house arrest.[10]  The district attorney argued, unsuccessfully, that the court was required to sentence to the statutory maximum, notwithstanding the court's discretion to impose a sentence of CIP.  *See* 42 Pa.C.S. § 9763.[11]  The Commonwealth challenged the

_____

[10] We note that Popielarcheck was sentenced by President Judge Farley Toothman, who also sentenced Watson in the instant case.

[11] Section 9763 of the Sentencing Code addresses CIP sentencing, in relevant part, as follows:

> § 9763. Sentence of county intermediate punishment
>
> (a)  General rule.— In imposing a sentence of county intermediate punishment, the court shall specify at the time of sentencing the length of the term for which the defendant is to be in a county intermediate punishment program established under Chapter 98 (relating to county intermediate punishment) or a combination of county intermediate punishment programs. The term may not exceed the maximum term for which the defendant could be confined and the program to which the defendant is sentenced. The court may order a defendant to serve a portion of the sentence under section 9755 (relating to sentence of partial confinement) or 9756 (relating to sentence of total confinement) and to serve a portion in a county intermediate punishment program or a combination of county intermediate punishment programs.
>
> * * *
>
> (c) Restriction.—
>
> (1) Any person receiving a penalty imposed pursuant to 75 Pa.C.S. § 1543(b) (relating to driving while operating privilege is suspended or revoked), former 75 Pa.C.S. § 3731 (relating to driving under influence of alcohol or

*(Footnote Continued Next Page)*

sentence in post-sentence motions, claiming the court erred by: (1) not imposing the statutorily mandated fine; (2) not mandating electronic monitoring as part of the sentence of house arrest; and (3) not imposing a maximum term of five years. The Commonwealth also claimed that in light of the circumstances, a sentence of less than five years of supervision was an abuse of discretion. *Popielarcheck*, *supra* at *1. Thereafter, the court amended its sentencing order to correct the fine and to include house arrest

*(Footnote Continued)* ────────

controlled substance) or 75 Pa.C.S. § 3804 (relating to penalties) for a first, second or third offense under 75 Pa.C.S. Ch. 38 (relating to driving after imbibing alcohol or utilizing drugs) **may only be sentenced to county intermediate punishment after undergoing an assessment under 75 Pa.C.S. § 3814 (relating to drug and alcohol assessments).**

(2) If the defendant is determined to be in need of drug and alcohol treatment, the defendant may only be sentenced to county intermediate punishment which includes participation in drug and alcohol treatment under 75 Pa.C.S. § 3815(c) (relating to mandatory sentencing). The defendant may only be sentenced to county intermediate punishment in:

(i) a residential inpatient program or a residential rehabilitative center;

(ii) house arrest with electronic surveillance;

(iii) a partial confinement program such as work release, work camp and halfway facility; or

(iv) any combination of the programs set forth in this paragraph.

* * *

42 Pa.C.S.A. § 9763(a), (c)(1)-(2) (emphasis added).

with electronic surveillance, adding that "[o]therwise, the sentence is legal and a proper exercise of judicial discretion." *Id.* at *2.

The Commonwealth appealed, and this Court discussed the interplay of the relevant sentencing statutes, in particular section 3804 of the DUI statute, 75 Pa.C.S. § 3804, and sections 9721 and 9763 of the Sentencing Code. 42 Pa.C.S. §§ 9721, 9763. Despite the fact that the assessment indicated Popielarcheck *was **in need of further treatment***, and noting that the purpose of the maximum sentence mandate is to ensure that offenders "complete needed treatment," ***Commonwealth v. Taylor***, 104 A.3d 479, 492 (Pa. 2014), we clarified that the court sentenced Popielarcheck under the alternative sentencing provisions under Chapter 97 of the Sentencing Code, not under the mandatory maximum provision in Chapter 38 of the Vehicle Code. ***Popielarcheck***, *supra* at *4. We stated:

> Relevant to the instant matter, Section 3814(d) provides that, **"[i]f a person is sentenced pursuant to this chapter and, after the initial assessment required by Section 3814(1), the person is determined to be in need of additional treatment pursuant to Section 3814(2), the judgment *shall impose a minimum sentence as provided by law and maximum sentence equal to the statutorily available maximum.*"** 75 Pa.C.S. § 3804(d). As our Supreme Court has recognized, the purpose of the maximum sentence mandate is to ensure that offenders "complete needed treatment." ***Commonwealth v. Taylor***, 628 Pa. 547, 104 A.3d 479, 492 (Pa. 2014). At first glance, the statutes permitting CIP sentences and the statutes mandating minimum DUI sentences may seem inconsistent. However, as this Court has recognized, the legislature adopted CIP "to give judges **another sentencing option**" specifically one that "would lie between probation and incarceration with respect to sentencing severity; to provide a more appropriate form of punishment/treatment for certain types of non-violent offenders; to make the offender more

- 11 -

accountable to the community; and to help reduce the county jail overcrowding problem while maintaining public safety." *[Commonwealth v.] Williams*, 941 A.2d [14,] 21 [(Pa. Super. 2008) (en banc)] (quotation omitted).

*Popielarcheck*, *supra* at *3 (emphasis added). Relying on *Williams*, *supra*, we explained that sections 9721 and 9763 explicitly permit a sentencing court to consider intermediate punishment for DUI offenders "for first, second, or third offenses, *in spite of any mandatory minimum sentence elsewhere prescribed by law.*" *Id.*, citing *Williams*, 941 A.2d at 21 (emphasis added).

Thus, as the *Williams* Court and, more recently, the *Popielarcheck* Court, have recognized, the DUI statute and the Sentencing Code can be read together to permit a sentencing court to avoid a mandatory minimum sentence in favor of a sentence of CIP for certain eligible offenders. In other words, even if found in need of further treatment, the court may sentence under the Sentencing Code and avoid the mandatory maximum under the Vehicle Code, *Popielarcheck*, *supra*, provided, of course, the defendant is eligible.[12] *See* note 6, *supra*. *Cf. Commonwealth v. Sarapa*, 13 A.3d

_____

[12] In *Commonwealth v. Hoffman*, 123 A.3d 1065 (Pa. Super. 2015), this Court stated:

> The legislative intent in adopting [CIP] as a sentencing alternative was to give judges another sentencing option which would lie between probation and incarceration with respect to sentencing severity; to provide a more appropriate form of punishment/treatment for certain types of non-violent offenders; maintaining public safety. . . . The grant or denial of a defendant's request for [CIP] largely within the sound discretion

*(Footnote Continued Next Page)*

961 (Pa. Super. 2011) (holding, as a matter of first impression, that court lacked authority to restrict eligibility to intermediate punishment program by excluding DUI offenders, who were eligible based on statutory criteria).

Here, the court acknowledged that Watson had completed the treatment recommended by the Drug and Alcohol Assessment. Although the court found Watson eligible for CIP,[13] and sentenced him pursuant to the

_____
*(Footnote Continued)* ————————

> of the trial court. ***The same discretion applies to [CIP] in the context of a qualified first, second or third DUI offender, regardless of the mandatory sentence set forth in the DUI statute, because the specific provisions in 42 Pa.C.S. §§ 9763 and 9804 permit the court to sentence such offenders to [CIP] after they have undergone assessment—notwithstanding the mandatory sentencing provisions of Section 3804 of the DUI statute.***

***Hoffman***, 123 A.3d at 1070 (citations and quotations omitted) (emphasis added).

[13] Section 9804 of the Sentencing Code describes CIP and eligibility in pertinent part as follows:

> § 9804. County intermediate punishment programs
>
> **(a) Description.**—County intermediate punishment program options shall include the following:
>
>> (1) Restrictive intermediate punishments providing for the strict supervision of the offender including programs that:
>>
>> (i) house the offender full or part time;
>>
>> (ii) significantly restrict the offender's movement and monitor the offender's compliance with the program; or
>>
>> (iii) involve a combination of programs that meet the standards set forth under subparagraphs (i) and (ii).

*(Footnote Continued Next Page)*

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

(2) When utilized in combination with restrictive intermediate punishments, restorative sanctions providing for nonconfinement sentencing options that:

(i) Are the least restrictive in terms of the constraint of the offender's liberties.

(ii) Do not involve the housing of the offender, either full or part time.

(iii) Focus on restoring the victim to pre-offense status.

**(b) Eligibility.—**

(1) No person other than the eligible offender shall be sentenced to a county intermediate punishment program.

(2) The Pennsylvania Commission on Sentencing shall employ the term "eligible offender" to further identify offenders who would be appropriate for participation in county intermediate punishment programs. In developing the guidelines, the commission shall give primary consideration to protection of the public safety.

* * *

(4)(i) Any person receiving a penalty imposed pursuant to 75 Pa.C.S. § 1543(b) (relating to driving while operating privilege is suspended or revoked), 3804 (relating to penalties) or 3808(a)(2) (relating to illegally operating a motor vehicle not equipped with ignition interlock) shall undergo an assessment under 75 Pa.C.S. § 3814 (relating to drug and alcohol assessments).

(ii) If the defendant is determined to be in need of drug and alcohol treatment, a sentence to county intermediate punishment shall include participation in drug and alcohol treatment under 75 Pa.C.S. § 3815(c) (relating to mandatory sentencing). The defendant may only be sentenced to county intermediate punishment in:

(A) a residential inpatient program or a residential rehabilitative center;

(B) house arrest with electronic surveillance;

*(Footnote Continued Next Page)*

alternative sentencing provisions in the Sentencing Code, *see* 42 Pa.C.S. § 9804, the court believed it was bound to impose the CIP sentence for the mandatory maximum term provided for in the Vehicle Code. *Popielarcheck* has clarified this issue. Therefore, because the court was under the misapprehension that it was bound to impose a five-year maximum, we vacate the sentence and remand for resentencing in accordance with this opinion.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

*(Footnote Continued)* ───────────

(C) a partial confinement program such as work release, work camp and halfway facility; or

(D) any combination of the programs set forth in this subparagraph.

* * *

(5) A defendant subject to 75 Pa.C.S.A. § 3804 (relating to penalties) may only be sentenced to county intermediate punishment for a first, second, or third offense.

42 Pa.C.S.A. § 9804(b)(1)-(2), (4)-(5) (emphasis added).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/8/2017