OPINION BY COLINS, J.:
The Commonwealth appeals from the judgment of sentence imposed on Ethan Stewart Kenney by the Court of Common Pleas of Fayette County following Kenney's guilty pleas to charges of leaving the scene of an accident involving death and homicide by vehicle,[1] and to five summary offenses under the Vehicle Code. Because the county intermediate punishment (CIP) sentence imposed by the sentencing court violates the requirement in Section 3742 of the Vehicle Code that no sentence less than the mandatory minimum sentence of imprisonment shall be imposed for the offense of leaving the scene of an accident involving death, we vacate the judgment of sentence and remand this case for re-sentencing.
This case arises out of a single-vehicle accident in the early morning hours of June 9, 2013, in which Kenney drove a truck into a guardrail, a bridge abutment, a second guardrail, and a tree, killing the passenger who was riding in his vehicle. See Commonwealth v. Kenney , No. 1542 WDA 2015, 2017 WL 65882, unpublished memorandum at 1-3 (Pa. Super. filed January 6, 2017). Kenney was charged with homicide by vehicle while driving under the influence and driving under the influence (DUI),[2] leaving the scene of an accident involving death, homicide by vehicle, and 10 summary offenses, including disregarding traffic lane, driving at unsafe speed, careless driving, failure to notify police of an accident, and failure to use safety belt.[3] On March 19, 2018, the trial court ordered that the results of a blood alcohol test be suppressed under Birchfield v. North Dakota , --- U.S. ----, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016), and Commonwealth v. Ennels , 167 A.3d 716 (Pa. Super. 2017). On May 21, 2018, Kenney pled guilty to leaving the scene of an accident involving death, homicide by vehicle, and the summary offenses of disregarding traffic lane, driving at unsafe speed, careless driving, failure to notify police of an accident, and failure to use *1079 safety belt. In conjunction with Kenney's guilty pleas, the Commonwealth nol prossed the homicide by vehicle while driving under the influence, DUI, and remaining summary offense charges.
In 2013, when this crime occurred, Section 3742(b)(3) of the Vehicle Code required a minimum sentence of one year of imprisonment for leaving the scene of an accident involving death, provided that the Commonwealth gave notice of intent to seek the imposition of that mandatory minimum. 75 Pa.C.S. §§ 3742(b)(3)(i), (ii).[4] Prior to sentencing, the Commonwealth filed a notice of intent to seek the mandatory minimum sentence under Section 3742(b)(3) of the Vehicle Code, and Kenney and the Commonwealth submitted sentencing memoranda. Kenney argued that the sentencing court should impose a CIP sentence. The Commonwealth opposed this request and contended that Section 3742 of the Vehicle Code does not permit a CIP sentence for leaving the scene of an accident involving death.
On October 30, 2018, the sentencing court imposed a CIP sentence for the leaving the scene of an accident involving death conviction, consisting of five years intermediate punishment, of which one year was to be served on house arrest with electronic monitoring. Count 2 Sentencing Order ¶4. The court imposed a concurrent CIP sentence of five years intermediate punishment, of which 540 days were to be served on house arrest with electronic monitoring, for homicide by vehicle and no further penalty for the summary offenses. Count 3 Sentencing Order ¶¶4, 6; Counts 6, 7, 8, 11, 13 Sentencing Order. The CIP sentences did not include any term of imprisonment and also provided that the sentencing court could reduce the length of supervision after two years. Count 2 and 3 Sentencing Orders ¶¶4-5; N.T. Sentencing at 25-30. The Commonwealth timely appealed from this judgment of sentence on November 8, 2018.
The Commonwealth presents one question for our review:
Whether the trial court erred in sentencing Defendant, at Count 2-Accidents Involving Death or Personal Injury, to a term of intermediate punishment for a period of sixty (60) months, with three hundred sixty-five (365) days to be served on house arrest with electronic monitoring, as this constitutes an illegal sentence, based on the statutory language within Title 75 Pa.C.S. § 3742 (b) (3), which required the Defendant to serve a minimum term of imprisonment of not less than one year?
Commonwealth's Brief at vi.
This issue requires the Court to interpret Section 3742 of the Vehicle Code, the County Intermediate Punishment Act, and the Sentencing Code, and analyze the interplay between those statutes. Because statutory construction is a question of law, our review of the sentencing court's decision is plenary and de novo . Commonwealth v. Popielarcheck , 190 A.3d 1137, 1140 (Pa. 2018) ; Commonwealth v. Stotelmyer , 631 Pa. 213, 110 A.3d 146, 149 (2015).
In interpreting these statutes, we must ascertain and give effect to the intent of the General Assembly. 1 Pa.C.S. § 1921(a) ; Popielarcheck , 190 A.3d at 1140 ; Stotelmyer , 110 A.3d at 149. Absent ambiguity, we look to the plain language of the statutes to ascertain the General Assembly's intent. 1 Pa.C.S. § 1921(b) ; Popielarcheck , 190 A.3d at 1140 ;
*1080 Stotelmyer , 110 A.3d at 149-50. It is also a fundamental principle of statutory construction that each word in a statute is to be given meaning and not be treated as mere surplusage. In re Employees of Student Services , 495 Pa. 42, 432 A.2d 189, 195 (1981) ; Commonwealth v. Baker , 72 A.3d 652, 662 (Pa. Super. 2013) ; see also 1 Pa.C.S. § 1921(a) ("Every statute shall be construed, if possible, to give effect to all its provisions").
Section 3742 of the Vehicle Code provided at the time of the events at issue here:
(a) General rule.--The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid)....
(b) Penalties.-
* * *
(2) If the victim suffers serious bodily injury, any person violating subsection (a) commits a felony of the third degree, and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than 90 days and a mandatory minimum fine of $ 1,000, notwithstanding any other provision of law.
(3)(i) If the victim dies, any person violating subsection (a) commits a felony of the second degree, and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than one year and a mandatory minimum fine of $ 2,500, notwithstanding any other provision of law .
* * *
(c) Authority of sentencing court.--There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (b)(2) or (3) or to place such offender on probation or to suspend sentence . Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.
75 Pa.C.S. § 3742 (in effect September 4, 2012 to August 28, 2014) (emphasis added).[5]
The County Intermediate Punishment Act defines eligibility for CIP as follows:
Subject to section 9721(a.1) (relating to sentencing generally) , a person convicted of an offense who would otherwise be sentenced to a county correctional facility, who does not demonstrate a present or past pattern of violent behavior and who would otherwise be sentenced to partial confinement pursuant to section 9724 (relating to partial confinement) or total confinement pursuant to section 9725 (relating to total confinement). The term does not include an offender who has been convicted or adjudicated delinquent of a crime requiring registration under Subchapter H of Chapter 97 (relating to registration of sexual offenders) or an offender with a current conviction or a prior conviction within the past ten years for any of the following offenses:
18 Pa.C.S. § 2502 (relating to murder).
*1081 18 Pa.C.S. § 2503 (relating to voluntary manslaughter).
18 Pa.C.S. § 2702 (relating to aggravated assault).
18 Pa.C.S. § 2703 (relating to assault by prisoner).
18 Pa.C.S. § 2704 (relating to assault by life prisoner).
18 Pa.C.S. § 2901(a) (relating to kidnapping).
18 Pa.C.S. § 3122.1(a)(1) (relating to statutory sexual assault).
18 Pa.C.S. § 3301 (relating to arson and related offenses).
18 Pa.C.S. § 3502 (relating to burglary) when graded as a felony of the first degree.
18 Pa.C.S. § 3701 (relating to robbery).
18 Pa.C.S. § 3923 (relating to theft by extortion).
18 Pa.C.S. § 4302(a) (relating to incest).
18 Pa.C.S. § 5121 (relating to escape).
42 Pa.C.S. § 9802 (emphasis added). Nothing in the County Intermediate Punishment Act excludes the crime of leaving the scene of an accident involving death from eligibility for CIP.
Section 9721(a) of the Sentencing Code provides that a sentencing court generally has discretion to select between alternatives that include total confinement, partial confinement, and CIP. 42 Pa.C.S. § 9721(a). Section 9721(a.1) of the Sentencing Code, however, restricts this discretion where a statute requires a mandatory minimum sentence and provides:
(1) Unless specifically authorized under section 9763 (relating to a sentence of county intermediate punishment) or 61 Pa.C.S. Ch. 41 (relating to State intermediate punishment), subsection (a) shall not apply where a mandatory minimum sentence is otherwise provided by law.
42 Pa.C.S. § 9721(a.1)(1).
Section 9763 of the Sentencing Code and the County Intermediate Punishment Act reference as eligible for CIP certain Vehicle Code offenses involving DUI and driving under a suspended or revoked license or in violation of ignition interlock restriction. 42 Pa.C.S. §§ 9763(c), 9804(b)(4), (5). Where Section 9763 and the County Intermediate Punishment Act specifically authorize CIP for an offense that carries a mandatory minimum sentence, the offender may be eligible for a CIP sentence notwithstanding the mandatory minimum sentence. Popielarcheck , 190 A.3d at 1141-46 ; Commonwealth v. Hoffman , 123 A.3d 1065, 1067-70 (Pa. Super. 2015) ; Commonwealth v. Williams , 941 A.2d 14, 21-26 (Pa. Super. 2008) (en banc ). DUI offenders subject to a mandatory minimum sentence of imprisonment under Section 3804 of the Vehicle Code, which is referenced in Section 9763 of the Sentencing Code and the County Intermediate Punishment Act, are therefore eligible for CIP sentences, and the sentencing provisions of that section of the Vehicle Code do not apply when the sentencing court chooses to impose a CIP sentence. Popielarcheck , 190 A.3d at 1141-46 ; Commonwealth v. Dennis , 164 A.3d 503, 511-12 (Pa. Super. 2017) ; Commonwealth v. Watson , 157 A.3d 926, 928-32 (Pa. Super. 2017) ; Hoffman , 123 A.3d at 1067-70 ; Commonwealth v. Sarapa , 13 A.3d 961, 965-66 & n.3 (Pa. Super. 2011) ; Williams , 941 A.2d at 21-26.
Section 3742 of the Vehicle Code, however, is not among the Vehicle Code provisions referenced in Section 9763 of the Sentencing Code and the County Intermediate Punishment Act. Moreover, Section 3742 does not merely impose a mandatory minimum sentence. Rather, as *1082 set forth above, it provides that "the sentencing court shall order the person to serve" the mandatory minimum term of imprisonment "notwithstanding any other provision of law." 75 Pa.C.S. § 3742(b)(2), (b)(3)(i). In addition, Section 3742 expressly provides that "[t]here shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (b)(2) or (3) or to place such offender on probation or to suspend sentence." 75 Pa.C.S. § 3742(c). Section 3804 of the Vehicle Code and the other Vehicle Code provisions authorized as eligible for CIP in Section 9763 and the County Intermediate Punishment Act, 75 Pa.C.S. §§ 1543(b) and 3808(a)(2), do not contain this additional restrictive language.
The absence of any reference to Section 3742 of the Vehicle Code in Section 9763 of the Sentencing Code and the County Intermediate Punishment Act and the additional restrictive language of Section 3742 together compel the conclusion that the sentencing court lacked authority to impose a CIP sentence that does not include the mandatory minimum one year of imprisonment required by Section 3742(b)(3)(i). Stotelmyer , 110 A.3d at 151-54.
In Stotelmyer , our Supreme Court held that a statute that required a mandatory minimum sentence of imprisonment for a drug offense barred the sentencing court from imposing a CIP sentence, even though Section 9802 of the County Intermediate Punishment Act did not exclude that offense from eligibility for CIP, where, as here, Section 9763 of the Sentencing Code did not reference that offense or statute and the statute contained the same restrictive language as Section 3742 of the Vehicle Code. The Supreme Court held that Section 9721(a.1) of the Sentencing Code prohibited CIP because the statute at issue, 18 Pa.C.S. § 7508, imposed a mandatory minimum sentence and Section 9763 did not reference that statute or offense and therefore did not specifically authorize CIP. 110 A.3d at 151. In addition, the Supreme Court held that CIP was barred by the statute's language that expressly provided that its minimum sentence was "[n]otwithstanding any other provisions of this or any other act to the contrary" and that "[t]here shall be no authority in any court to impose on an offender to which this section is applicable a lesser sentence than provided for herein or to place the offender on probation, parole or work release or to suspend sentence." Id. at 147, 152. The Supreme Court concluded that under the rules of statutory construction, this language prohibited courts from imposing CIP rather than the mandatory minimum sentence, explaining:
The plain language of this subsection curtails a sentencing court's option to impose a lesser sentence once the mandatory minimum sentence is found applicable.... Allowing the imposition of county intermediate punishment for persons subject to § 7508 would render subsection (c) of that statute meaningless.
Id. at 152.
The language of Section 3742 of the Vehicle Code and lack of specific authorization of a CIP sentence for Section 3742 offenses are indistinguishable from statutory language and lack of specific authorization in Stotelmyer . We are therefore constrained to hold that the sentencing court was required to impose the mandatory minimum sentence of imprisonment for one year for leaving the scene of an accident involving death in accordance with Section 3742(b)(3) of the Vehicle Code and lacked discretion to impose a CIP sentence without imprisonment for that offense. Because the CIP sentence for Kenney's *1083 Section 3742 conviction is illegal, we must vacate that portion of his sentence and remand for resentencing for that offense. Commonwealth v. Mendozajr , 71 A.3d 1023, 1027 (Pa. Super. 2013).
While no party has challenged the sentence for homicide by vehicle, the sentence for that offense may have been affected by the sentence that the sentencing court imposed for the Section 3742 conviction. Because our ruling in this appeal may therefore have upset the court's sentencing scheme, we vacate the judgment of sentence in its entirety to permit the sentencing court to take into consideration the new sentence under Section 3742(b)(3) in sentencing Kenney on the homicide by vehicle conviction. See Commonwealth v. Sutton , 400 Pa.Super. 291, 583 A.2d 500, 502-03 n.5 (1990).
Judgment of sentence vacated. Case remanded for re-sentencing in accordance with Section 3742(b)(3) of the Vehicle Code. Jurisdiction relinquished.

75 Pa.C.S. §§ 3742 and 3732, respectively.

75 Pa.C.S. §§ 3735 and 3802, respectively.

75 Pa.C.S. §§ 3309, 3361, 3714, 3746, and 4581, respectively.

Section 3742 was subsequently amended effective August 29, 2014, to increase the mandatory minimum sentence under subsection (b)(3) to three years. See Act of June 30, 2014, P.L. 814, No. 85, §§ 6, 9.

Although, as noted above, Section 3742 was amended effective August 29, 2014, that amendment made no change to any language in Section 3742 other than increasing the mandatory minimum sentence under subsection (b)(3) to three years. See Act of June 30, 2014, P.L. 814, No. 85, § 6.