J-S03029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ETHAN STEWART KENNEY | : | |
| | : | |
| Appellant | : | No. 640 WDA 2020 |

Appeal from the Judgment of Sentence Entered January 23, 2020
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0001323-2014

BEFORE:   DUBOW, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.:                          **FILED: MARCH 18, 2021**

Ethan Stewart Kenney (Appellant) appeals from the judgment of sentence imposed following remand for resentencing.  We affirm.

In Appellant's prior appeal, we explained:

> This case arises out of a single-vehicle accident in the early morning hours of June 9, 2013, in which [Appellant] drove a truck into a guardrail, a bridge abutment, a second guardrail, and a tree, killing the passenger who was riding in his vehicle. [Appellant] was charged with homicide by vehicle while driving under the influence, driving under the influence (DUI), leaving the scene of an accident involving death, homicide by vehicle, and 10 summary offenses, including disregarding traffic lane, driving at unsafe speed, careless driving, failure to notify police of an accident, and failure to use safety belt.[1]  On March 19, 2018, the trial court ordered that the results of a blood alcohol test be suppressed under **Birchfield v. North Dakota**, --- U.S. ----, 136

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3735(a), 3802(e), 3742(a), 3732(a), 3309(1), 3361, 3714(a), 3746(a)(1), and 4581(a)(2)(ii).

S.Ct. 2160, 195 L.Ed.2d 560 (2016), and ***Commonwealth v. Ennels***, 167 A.3d 716 (Pa. Super. 2017). On May 21, 2018, [Appellant] pled guilty to leaving the scene of an accident involving death, homicide by vehicle, and the summary offenses of disregarding traffic lane, driving at unsafe speed, careless driving, failure to notify police of an accident, and failure to use safety belt. In conjunction with [Appellant's] guilty pleas, the Commonwealth *nol prossed* the homicide by vehicle while driving under the influence, DUI, and remaining summary offense charges.

In 2013, when this crime occurred, Section 3742(b)(3) of the Vehicle Code required a minimum sentence of one year of imprisonment for leaving the scene of an accident involving death, provided that the Commonwealth gave notice of intent to seek the imposition of that mandatory minimum. 75 Pa.C.S. §§ 3742(b)(3)(i), (ii). Prior to sentencing, the Commonwealth filed a notice of intent to seek the mandatory minimum sentence under Section 3742(b)(3) of the Vehicle Code, and [Appellant] and the Commonwealth submitted sentencing memoranda. [Appellant] argued that the sentencing court should impose a [county intermediate punishment (CIP)] sentence. The Commonwealth opposed this request and contended that Section 3742 of the Vehicle Code does not permit a CIP sentence for leaving the scene of an accident involving death.

On October 30, 2018, the sentencing court imposed a CIP sentence for the leaving the scene of an accident involving death conviction, consisting of five years intermediate punishment, of which one year was to be served on house arrest with electronic monitoring. The court imposed a concurrent CIP sentence of five years intermediate punishment, of which 540 days were to be served on house arrest with electronic monitoring, for homicide by vehicle and no further penalty for the summary offenses. The CIP sentences did not include any term of imprisonment and also provided that the sentencing court could reduce the length of supervision after two years. The Commonwealth timely appealed from this judgment of sentence on November 8, 2018.

***Commonwealth v. Kenney***, 210 A.3d 1077, 1078-79 (Pa. Super. 2019)

(some citations and footnotes omitted; footnote added).

In the prior appeal, the Commonwealth claimed the trial court erred by failing to impose the mandatory one-year minimum term of imprisonment required by the version of 75 Pa.C.S.A. § 3742(b)(3) in effect at the time of Appellant's crimes.[2] **Kenney**, 210 A.3d at 1079. We agreed, and found that the trial court imposed an illegal sentence because it was "required to impose the mandatory minimum sentence of imprisonment for one year for leaving the scene of an accident involving death in accordance with Section 3742(b)(3) of the Vehicle Code, and lacked discretion to impose a CIP sentence without imprisonment for that offense." **Id.** at 1082. Accordingly, we vacated Appellant's judgment of sentence and remanded for resentencing "in accordance with Section 3742(b)(3) of the Vehicle Code." **Id.**

Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court. On November 20, 2019, the Supreme Court denied Appellant's petition.

The case was remanded to the trial court. On January 23, 2020, the court resentenced Appellant to 1 to 2 years of incarceration; the court did not give Appellant credit for time he spent on house arrest prior to resentencing. **See** Order, 1/23/20. Appellant filed a timely post-sentence motion, which the trial court denied on May 29, 2020. Appellant filed this appeal on June 19,

---

[2] The current version of 75 Pa.C.S.A. § 3742(b)(3) requires a trial court to impose a mandatory minimum sentence of 3 years of incarceration for a conviction of leaving the scene of an accident involving death.

2020. Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents a single issue for review:

WHETHER THE SENTENCING COURT ERRED IN DENYING CREDIT TIME FOR FOUR HUNDRED AND FORTY-ONE (441) DAYS APPELLANT SERVED ON ELECTRONIC MONITORING FROM THE DATE OF HIS INITIAL SENTENCING PROCEEDING TO THE DATE OF HIS RESENTENCING, WHEN THE SENTENCING COURT HELD THAT IT WAS FUNDAMENTALLY UNFAIR FOR APPELLANT NOT TO RECEIVE SAID CREDIT TIME; THE SENTENCING COURT WOULD HAVE GIVEN SAID CREDIT TIME TO APPELLANT IF IT WAS WITHIN THE COURT'S DISCRETION TO DO SO; AND THE PENNSYLVANIA SUPREME COURT'S DECISION IN ***COMMONWEALTH V. KRISTON***, 588 A.2d 898 (Pa. 1991) ENTITLED APPELLANT TO SAID CREDIT TIME BASED ON THE SENTENCING COURT'S DETERMINATION THAT CREDIT WAS APPROPRIATE UNDER THE CIRCUMSTANCES.

Appellant's Brief at 4.

Appellant claims the trial court erred in denying his request for credit for the 441 days he spent on house arrest prior to his January 23, 2020 resentencing. Appellant's Brief at 8-13. "[A] claim based upon a trial court's failure to give full credit for time served is a challenge implicating the legality of one's sentence." ***Commonwealth v. Lee***, 182 A.3d 481, 483-84 (Pa. Super. 2018) (citations omitted).

If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

***Id.*** at 484 (citations omitted).

42 Pa.C.S.A. § 9760(1) provides:

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant **for all time spent in custody** as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. **Credit shall include credit for time spent in custody** prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

*Id.* (bold emphasis added).

We have explained:

Section 9760 of the Sentencing Code provides that a defendant is entitled to credit for "time spent in custody." As this Court has recently summarized:

> The easiest application of 42 Pa.C.S.A. § 9760(1) is when an individual is held in prison pending trial, or pending appeal, and faces a sentence of incarceration: in such a case, credit clearly would be awarded. However, the statute provides little explicit guidance in resolving the issue before us now, where the defendant spent time somewhere other than in prison. This difficulty results in part from the fact that neither Section 9760, nor any other provision of the Sentencing Code, defines the phrase "time spent in custody." The difficulty is also a function of the fact that there are many forms of sentence, and many forms of pre-sentencing release, which involve restrictions far short of incarceration in prison. [] The plain and ordinary meaning of imprisonment is confinement in a correctional or similar rehabilitative institution.

*Commonwealth v. Fowler*, [] 930 A.2d 586, 595-96 ([Pa. Super.] 2007) []. Indeed, Pennsylvania appellate courts consistently have interpreted [S]ection 9760's reference to "custody" as confinement in prison or another institution. . . . Most recently, in [*Commonwealth v. Kyle*, 874 A.2d 12 (Pa. 2005)],

> **the Supreme Court reiterated that electronic home monitoring constituted neither imprisonment nor custody such that credit against a sentence of incarceration was warranted**.

*Commonwealth v. Maxwell*, 932 A.2d 941, 943-44 (Pa. Super. 2007) (some citations and footnote omitted, bold emphasis added).

Appellant argues that under *Commonwealth v. Kriston*, 588 A.2d 898 (Pa. 1991), the trial court was required to credit him for time spent on house arrest prior to resentencing due to "considerations of fundamental fairness." Appellant's Brief at 11-13. We disagree.

More than 20 years ago, we rejected this same argument in *Commonwealth v. Wilson*, 744 A.2d 290, 291 (Pa. Super. 1999). In addressing an appellant's claim that he was entitled to credit for time on house arrest, Judge Beck addressed *Kriston*:

> The defendant in *Kriston* was sentenced to serve a 30-day mandatory prison term for his second DUI conviction. Contrary to law, prison authorities erroneously released him to a home-monitoring program. In doing so, they assured the defendant that this time would be credited toward his sentence. When the error was discovered, the defendant sought to have the time credited. Our supreme court held that credit was appropriate since assurances had been made to the defendant that he would be given credit. *Id.* at [901]. The court reached this conclusion while recognizing that a defendant is required to serve his sentence in a prison, not a home, and that a defendant on home monitoring is not entitled to credit for time served. *Id.*

*Commonwealth v. Wilson*, 744 A.2d 290, 291 (Pa. Super. 1999) (footnote omitted).

Judge Beck clarified:

After careful consideration of the facts in this case and the applicable law, we conclude that appellant is not entitled to credit for time served while on house arrest. **The statute limits time served to time in custody. Custody has been strictly defined and does not include house arrest.** ***Kriston, supra; Shartle, supra***. The only precedent is found in the exception carved out in ***Kriston***. That exception, however, was narrowly drawn and applied where the defendant was given assurances that he would be entitled to credit against his sentence for the period of home monitoring. In this case, appellant was given no such assurances.

***Id.*** at 292 (bold emphasis added).

More recently, the Supreme Court stated:

This Court has emphasized that, because home release on electronic monitoring does not constitute custody, credit should not be awarded for it toward a prison sentence. Exceptions to this rule have been recognized only where equity was deemed to require it, such as when a defendant was assured that his time spent on electronic monitoring would count toward his sentence.

***Kyle***, 874 A.2d 18 (citing ***Kriston***, ***supra***).[3]

Here, Appellant is not entitled to credit for time served on house arrest. Unlike the "narrowly drawn" exception for the defendant in ***Kriston***, Appellant has never asserted that he received assurances of credit, and the record does not indicate that any assurances were given. ***See***, ***e.g.***, Appellant's Brief at 7-13. ***See also*** Commonwealth Brief at 8 ("Appellant was never incarcerated

_____

[3] The Supreme Court further observed:

While at home, an offender enjoys unrestricted freedom of activity, movement, and association. He can eat, sleep, make phone calls, watch television, and entertain guests at his leisure. Furthermore, an offender confined to his home does not suffer the same surveillance and lack of privacy that he would if he were actually incarcerated.

***Kyle***, 874 A.2d at 21 (citations omitted).

in a correctional facility, nor was he promised that his electronic monitoring time would be credited to him.").

As Judge Beck stated, "Custody has been strictly defined and does not include house arrest." **Wilson**, 744 A.2d at 292. **See also Commonwealth v. Stevenson**, 850 A.2d 1268, 1272 (Pa. Super. 2004) ("Our Supreme Court has held that credit for time served in a home electronic monitoring program may not be granted against a mandatory minimum sentence of imprisonment, absent equitable considerations which are not present in this case."). Thus, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judge Dubow joins the memorandum.

Judge Strassburger did not participate.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2021