J-S27028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASHLEY DELVALLE TORRES | : | |
| | : | |
| Appellant | : | No. 2330 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 21, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003534-2019

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:                **FILED NOVEMBER 14, 2022**

Appellant Ashley Delvalle Torres appeals from the judgment of sentence imposed following her convictions for aggravated assault, conspiracy to commit aggravated assault, possessing an instrument of crime (PIC), and simple assault.[1]   Appellant challenges the sufficiency and weight of the evidence, contends that the waiver of her right to jury trial was deficient, claims the trial court abused its discretion by imposing a sentence of incarceration, and asserts that trial counsel was ineffective.  We affirm.

The trial court summarized the factual history in this case as follows:

At or around 6:00 P.M. on April 23, 2019, Melvin Gonzalez (hereinafter "Mr. Gonzalez"), the father of Appellant's child, traveled to Appellant's home in Philadelphia to pick up his son in accordance with a pre-existing custody order.  When Mr. Gonzalez arrived at the residence, he encountered Appellant's sister, Jalissa

_____

[1] 18 Pa.C.S. §§ 2702(a), 903, 907(a), and 2701(a), respectively.

Delvalle. At this time, Mr. Gonzalez was verbally harassed and threatened by Jalissa Delvalle. Following his encounter with Jalissa Delvalle, Mr. Gonzalez received a phone call from Alexander Rivera (hereinafter "Mr. Rivera"). Mr. Gonzalez informed Mr. Rivera that Appellant's sister threatened to have a group of men beat him up when he returned his son later that night. Mr. Rivera agreed to meet Mr. Gonzalez at the location where he would be dropping off his son.

At or around 8:00 P.M. on April 23, 2019, Mr. Gonzalez returned to Appellant's residence with the intent to drop off his son. When Mr. Gonzalez arrived at the residence, he encountered a group of individuals waiting outside, consisting of Appellant, Appellant's mother, Appellant's two sisters, Appellant's roommate, and three unknown males. Mr. Gonzalez testified that as soon as he exited the vehicle to retrieve his son from the rear passenger side of the car, the three unknown males approached, and an altercation immediately ensued. When Mr. Rivera arrived to meet Mr. Gonzalez, he observed Mr. Gonzalez in a brawl with three other males and was simply getting jumped. Upon becoming aware of the fight between the four men, Mr. Rivera attempted to break up the altercation and ultimately became involved in the fracas. During the altercation, Mr. Gonzalez testified that he was hit with a brick by [Appellant]. At this point, Mr. Gonzalez observed Appellant raise a bat over her head and strike Mr. Rivera in the head with the bat, as he attempted to get up from the ground. The altercation ended after Mr. Rivera began to bleed from his head injury. Mr. Gonzalez immediately drove Mr. Rivera to Jefferson Torresdale Hospital for treatment of his injuries.

Detective Burkhimer interviewed Mr. Gonzalez at the hospital, where he confirmed that [Appellant] threw a brick at him that hit his head. Mr. Gonzalez suffered a concussion, bruising and swelling to the right side of his face, pain in the back of his head, and abrasions to the knees and legs as a result of the incident. Mr. Gonzalez did not seek treatment while at Jefferson Torresdale Hospital, due to the fact that he did not have medical insurance.

Trial Ct. Op., 1/11/22, at 3-4 (citations omitted and formatting altered).[2]

---

[2] Appellant's sister, Justina Delvalle-Torres was also charged and convicted as a result of her involvement in the April 23, 2019 incident and the physical
*(Footnote Continued Next Page)*

Following a non-jury trial, Appellant was found guilty of aggravated assault, conspiracy to commit aggravated assault, PIC, and simple assault. On September 21, 2021, the trial court sentenced Appellant to terms of nine to eighteen months of incarceration, followed by three years of probation, on the aggravated assault, conspiracy to commit aggravated assault, and PIC charges. Sentencing Order, 9/21/21, at 1-2. These three sentences were ordered to be served concurrently. *Id.* The charge of simple assault merged with aggravated assault for sentencing purposes, which resulted in an aggregate sentence of nine to eighteen months of incarceration, followed by three years of probation. *Id.*

Appellant filed a timely post-sentence motion for reconsideration of sentence, which the trial court denied on October 18, 2021. Appellant filed a timely appeal on November 10, 2021. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues, which we have renumbered as follows:

1. Whether the trial court committed an error of law when it concluded that sufficient evidence was presented to sustain convictions for aggravated assault, simple assault, conspiracy and PIC.

---

assault of Mr. Rivera. We address Justina Delvalle-Torres' appeal separately in a memorandum filed at Superior Court docket 2211 EDA 2021.

2. Whether the trial court erred when it concluded that its rulings on aggravated assault, simple assault, conspiracy and PIC were not against the weight of the evidence.

3. Whether the trial court erred when it ruled that the Appellant's waiver of her right to trial by jury had been knowing and intelligent.

4. Whether the trial court erred when it declined to reconsider the Appellant's sentence.

5. Whether the trial court erred when it declined to review the Appellant's claims for ineffective assistance of counsel.

Appellant's Brief at 5 (formatting altered).

## **Sufficiency of the Evidence**

In her first issue, Appellant contends that the evidence was insufficient to sustain the guilty verdicts. Appellant's Brief at 15.

It is well settled that when an appellant challenges the sufficiency of the evidence, the appellant's Rule 1925(b) statement must specify the element or elements upon which the evidence was allegedly insufficient in order to preserve the issue for appeal. ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009). Here, Appellant not only failed to specify which elements she was challenging in her Rule 1925(b) statement, she also failed to specify which convictions she was challenging. Accordingly, we conclude that Appellant waived her challenge to the sufficiency of the evidence.[3] ***See id***.

---

[3] We note that the trial court also concluded that Appellant waived her challenge to the sufficiency of the evidence because she failed to articulate which convictions or elements of those convictions the Commonwealth allegedly failed to prove. ***See*** Trial Ct. Op. at 5. Nevertheless, the trial court proceeded to provide an alternate, yet thorough, analysis of each of

*(Footnote Continued Next Page)*

- 4 -

## **Weight of the Evidence**

In her next issue, Appellant contends that the verdict was against the weight of the evidence and a new trial should be granted. Appellant's Brief at 19-20.

When reviewing a weight claim, our standard of review is as follows:

> The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. An appellate court may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 723 (Pa. Super. 2015) (citations omitted and formatting altered). An appellant wishing to challenge the weight of the evidence must properly preserve her claim for review, and the issue must be preserved orally prior to sentencing, by a written motion

---

Appellant's crimes and the sufficiency of the evidence supporting each conviction. Were we to reach the merits of Appellant's challenge to the sufficiency of the evidence, we would affirm on this alternate basis set forth in the trial court's opinion. ***See id.*** at 5-9.

before sentencing, or in a post-sentence motion. ***See Commonwealth v. Rivera***, 238 A.3d 482, 497 (Pa. Super. 2020); Pa.R.Crim.P. 607(A).

Our review of the record reveals that Appellant did not file a post-sentence motion challenging the weight of the evidence. Although Appellant made a motion for extraordinary relief under Pa.R.Crim.P. 704(B) at the start of her sentencing hearing, a motion under Rule 704(B) only permits the trial court to hear pre-sentence oral motions for a judgment of acquittal or for a new trial under extraordinary circumstances and when the interests of justice require, and such motions are not a substitute for filing a post-sentence motion pursuant to Rule 607(A). ***Commonwealth v. Wilson***, 227 A.3d 928, 937 (Pa. Super. 2020); ***Commonwealth v. Askew***, 907 A.2d 624, 627 (Pa. Super. 2006) (citing Pa.R.Crim.P. 704(B)(3), cmt.). The comment to Rule 704 provides that a motion for extraordinary relief made pursuant to Rule 704(B) is not sufficient to preserve an issue for appeal. Pa.R.Crim.P. 704(B)(3), cmt.[4]

---

[4] The comment states, in relevant part, as follows:

> a motion for extraordinary relief is neither necessary nor sufficient to preserve an issue for appeal. The failure to make a motion for extraordinary relief, or the failure to raise a particular issue in such a motion, does not constitute a waiver of any issue. Conversely, the making of a motion for extraordinary relief does not, of itself, preserve any issue raised in the motion, nor does the judge's denial of the motion preserve any issue.

Pa.R.Crim.P. 704(B)(3), cmt.

On this record, we conclude that Appellant waived her challenge to the weight of the evidence by failing to preserve the issue pursuant to Rule 607(A), and Appellant's Rule 704(B) motion did not preserve any issues for post-sentence consideration or appeal. **See Rivera**, 238 A.3d at 497; **Commonwealth v. Woods**, 909 A.2d 372, 378 (Pa. Super. 2006); **see also** Pa.R.Crim.P. 704(B)(3).

In any event, despite Appellant's failure to file a post-sentence motion, we note that the trial court addressed Appellant's challenge to the weight of the evidence. **See** Trial Ct. Op. at 9-10. The trial court found that the verdict was not so contrary to the evidence as to shock one's sense of justice. **Id.** at 10. The court considered all of the evidence, including the video recording that captured part of the assault. The court noted that it was free to believe some, all, or none of the evidence, and it found Mr. Rivera and Mr. Gonzalez were credible witnesses. **Id.** In light of the credible testimony provided by Mr. Rivera and Mr. Gonzalez, the trial court concluded that the weight of the evidence supported the verdict. **Id.** Were we to reach Appellant's challenge to the weight of the evidence, we would conclude that the trial court did not abuse its discretion in concluding that Appellant's weight claim was meritless, and that a new trial was not warranted. **See id.**

### Waiver of Jury Trial

In her next issue, Appellant asserts that she did not knowingly and voluntarily waive her right to a jury trial. Appellant's Brief at 20-21. Appellant

contends that the trial court's colloquy on this issue was "too perfunctory." *Id.* at 21.

The Commonwealth responds that Appellant entered a knowing, intelligent, and voluntary waiver of her right to a jury trial. Commonwealth's Brief at 15. The Commonwealth contends that Appellant completed a written jury trial waiver form and confirmed on the record that she waived her right to a jury trial in an oral colloquy. *Id.* 16-18.

A defendant may waive her right to a jury trial and proceed to trial before a judge, provided that her waiver is knowing, intelligent, and voluntary. ***Commonwealth v. Houck***, 948 A.2d 780, 787 (Pa. 2008). To be valid, a jury waiver must be knowing, intelligent, and voluntary, and the defendant must be aware of the essential protections inherent to a jury trial. ***See Commonwealth v. Mallory***, 941 A.2d 686, 696 (Pa. 2008). The essential protections "basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel." *Id.* at 696-87 (citations omitted and formatting altered).

Additionally, our Rules of Criminal Procedure provide that before a defendant may waive their right to a jury trial, the trial court must:

> ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record, and signed by the defendant, the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness.

Pa.R.Crim.P. 620.

Before we may address the merits of Appellant's claim, we must determine if Appellant properly raised and preserved this issue on appeal. The trial court concluded that Appellant waived this issue for failing to raise it before the trial court. Trial Ct. Op. at 10. Upon review, we agree.

The record reveals that Appellant presented this issue for the first time in her Rule 1925(b) statement. It is well settled that issues not raised in the lower court are waived and cannot be raised for the first time on appeal. ***Commonwealth v. Watson***, 835 A.2d 786, 791 (Pa. Super. 2003); ***see also*** Pa.R.A.P. 302(a). Moreover, a party cannot rectify the failure to preserve an issue by raising it for the first time in a Rule 1925(b) statement. ***Watson***, 835 A.2d at 791. For these reasons, we agree with the trial court that Appellant waived this issue. ***See id.***; ***see also Commonwealth v. Pi Delta Psi, Inc.***, 211 A.3d 875, 884 (Pa. Super. 2019) (stating "issues, even those of constitutional dimension, are waived if not raised in the trial court" (citation omitted)); ***Commonwealth v. Gumpert***, 512 A.2d 699, 703 (Pa. Super. 1986) (providing that the validity of a jury waiver is subject to principles of waiver on appeal).

We note, however, that the trial court explained that even if Appellant had preserved this issue, she is entitled to no relief as her jury trial waiver was knowing, intelligent, and voluntary. Were we to reach the merits of this claim of error, we would affirm on the basis of the trial court's opinion. ***See*** Trial Ct. Op. at 10-12.

## **Reconsideration of Sentence**

Appellant next argues the trial court abused its discretion when it imposed sentence. Appellant's Brief at 23-24. Appellant claims that the trial court failed to consider certain factors and should not have imposed any period of incarceration. *Id.* at 24.

The Commonwealth responds that the trial court was within its discretion when imposed Appellant's sentence. Commonwealth's Brief at 20. The Commonwealth asserts that the trial court considered all relevant factors and imposed a sentence below the sentence recommended under the Sentencing Guidelines. *Id.* at 20-21.

The decision to impose a sentence of total confinement is within the discretion of the sentencing court. *See, e.g., Commonwealth v. Kenney*, 210 A.3d 1077, 1081 (Pa. Super. 2019); 42 Pa.C.S. § 9721(a). It is well settled that "challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations and brackets omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved [her] issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise [her] issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Here, the record reflects that Appellant preserved her sentencing claim by filing a post-sentence motion, a timely notice of appeal, and including the issue in her Rule 1925(b) statement. However, we note that Appellant has failed to include a Rule 2119(f) statement in her brief. Nevertheless, because the Commonwealth has not objected to the absence of Appellant's Rule 2119(f) statement, we will not find waiver. *Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014). Accordingly, we will proceed and determine whether Appellant has raised a substantial question. *See id.*

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms

which underlie the sentencing process." ***Commonwealth v. Grays***, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

This Court has stated that an allegation that the sentencing court "failed to consider" or "did not adequately consider" various factors does not raise a substantial question. ***Commonwealth v. Griffin***, 804 A.2d 1, 9 (Pa. Super. 2002) (citation omitted). However, "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014 (citation omitted).

Here, Appellant contends that although her sentence was within the Sentencing Guidelines, a sentence of incarceration was an abuse of discretion because she had a prior record score of zero, and Appellant is a single mother of a young child with autism. Appellant's Brief at 24. Appellant claims that the sentence "was unreasonable, almost unconscionable." ***Id.*** As stated previously, the trial court imposed sentences of nine to eighteen months of incarceration followed by three years of probation on the conviction for aggravated assault, conspiracy, and PIC, and these three sentences were ordered to be served concurrently. Sentencing Order, 9/21/21, at 1-2. However, in her brief, Appellant fails to challenge a specific sentence or identify any individual crime, and she argues merely that a sentence of nine to eighteen months of incarceration was excessive under the circumstances. Appellant's Brief at 24. Appellant's vague argument does not indicate which sentence was inconsistent with a specific provision of the Sentencing Code or

illustrate how any of the sentences were contrary to the fundamental norms underlying the sentencing process. *See Grays*, 167 A.3d at 816. On this basis we are constrained to find that Appellant has failed to present a substantial question for review. *See id.* Accordingly, Appellant is entitled to no relief on this issue.[5]

_____

[5] Were we to conclude that Appellant raised a substantial question and reach her challenge to the discretionary aspects of her sentence, we would conclude that Appellant is due no relief. We note that sentencing is a matter vested in the sound discretion of the trial court, and we will not disturb a sentence on appeal absent an abuse of that discretion. *Raven*, 97 A.3d at 1253. "When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on victim and community, and [the] rehabilitative needs of the defendant." *Commonwealth v. Fullin*, 892 A.2d 843, 847-48 (Pa. Super. 2006) (citation omitted and formatting altered). "[T]he trial court is required to consider the particular circumstances of the offense and the character of the defendant[,]" including the defendant's "prior criminal record, age, personal characteristics, and potential for rehabilitation." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted). This Court has held that "where the sentencing judge had the benefit of a presentence investigation [(PSI)] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Id.* (citation omitted). This Court may only disturb a standard-range sentence if we find that the circumstances of the case rendered the application of the guidelines "clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). Here, the record from Appellant's sentencing hearing reflects that the trial court explained that Appellant engaged in an "ambush" and a "planned attack." N.T., Sentencing, 9/21/21, at 41. The trial court stated its consideration of the PSI, and the extent of the injuries Appellant's attack caused, and it balanced those factors with letters of support from the community, Appellant's tireless work with her son with autism, her work history, and other relevant factors. *Id.* at 20, 42-42. The record further reflects that on the conviction for aggravated assault, graded as a felony of the second degree, Appellant had a prior record score of zero with an offense gravity score of eight. *Id.* at 17-18. This resulted in a standard range minimum sentence of between nine

*(Footnote Continued Next Page)*

## **Ineffectiveness of Trial Counsel**

In Appellant's final issue, she raises a boilerplate claim of ineffective assistance of trial counsel. Appellant's Brief at 22-23.

Our Supreme Court has held that as a general rule, claims of ineffective assistance of counsel must await collateral review under the Post Conviction Relief Act[6] (PCRA). ***Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013). The ***Holmes*** Court recognized two exceptions to the general rule whereby claims of ineffective assistance of counsel may be raised and addressed on direct appeal "both falling within the discretion of the trial judge[:]" (1) there are extraordinary circumstances in which trial counsel's

_____

to sixteen months, plus or minus nine months. ***See id.***; ***see also*** 204 Pa.Code § 303.16. Accordingly, the incarceration portion of Appellant's sentence, which was a minimum of nine months to a maximum of eighteen months, was at the lowest end of the standard range of the Sentencing Guidelines.

Were we to reach this issue, based on our review of the record, we would discern no abuse of discretion by the trial court. ***See Raven***, 97 A.3d at 1253. The trial court had the benefit of a PSI and considered the appropriate sentencing factors and mitigating evidence as stated at the sentencing hearing. ***See Ventura***, 975 A.2d at 1135. Ultimately, the trial court concluded that nine to eighteen months of incarceration was necessary in light of the circumstances of this case, the planned attack, and the level of violence and the extent of injuries caused as a result of Appellant's crimes. Under these circumstances, we would have no basis upon which to conclude that the trial court's application of the Sentencing Guidelines was "clearly unreasonable" or that the trial court abused its discretion by imposing a sentence of incarceration that was lowest end of the standard range of the applicable Sentencing Guidelines. ***See*** 42 Pa.C.S. § 9781(c)(2); ***see also Raven***, 97 A.3d at 1253. For these reasons, Appellant would not be entitled to relief.

[6] 42 Pa.C.S. §§ 9541-9546.

"ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice;" or (2) "there is good cause shown" and the defendant knowingly and expressly waives her entitlement to seek subsequent PCRA review of her conviction and sentence. *Id.* at 563-64. Subsequently, our Supreme Court recognized an additional exception permitting courts "to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Commonwealth v. Delgros*, 183 A.3d 352, 361 (Pa. 2018).[7]

Here, however, Appellant's claim is merely a boilerplate accusation of ineffectiveness. *See* Appellant's Brief at 22-23. Moreover, the trial court opined that Appellant's claims must await review under the PCRA. *See* Trial Ct. Op. at 12-13. Additionally, Appellant did not expressly waive her right to PCRA review. *See Holmes*, 79 A.3d at 564. Further, Appellant is not

---

[7] We acknowledge that there is an additional limited circumstance where a defendant may raise a claim of ineffective assistance of counsel outside of a PCRA petition. This occurs where a defendant is litigating a first PCRA petition, and the defendant alleges PCRA counsel's ineffectiveness. In that situation, the defendant may raise a claim of PCRA counsel's ineffectiveness at the first opportunity, even if on appeal. *See Commonwealth v. Bradley*, 261 A.3d 381, 405 (Pa. 2021). However, it is undisputed that at this juncture, Appellant has not pursued PCRA relief nor obtained PCRA counsel. Accordingly, Appellant can have no claim of PCRA counsel's ineffectiveness in this direct appeal, and the narrow circumstance discussed in *Bradley* is inapplicable. *See id.*

- 15 -

statutorily barred from seeking PCRA relief. **See Delgros**, 183 A.3d at 361.[8]

For these reasons, we conclude that none of the exceptions apply, and Appellant's ineffectiveness claim cannot be considered on direct appeal. Accordingly, we dismiss Appellant's claim of ineffectiveness without prejudice to Appellant's right to raise it in a timely petition under the PCRA.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: 11/14/2022

_____

[8] In **Delgros**, our Supreme Court "granted allowance of appeal to determine whether a defendant, who is ineligible for statutory collateral review because he was sentenced to pay a fine without incarceration or probation, may obtain review of ineffective assistance of counsel claims presented in post-sentence motions filed in the trial court." **Delgros**, 183 A.3d at 353. Because the appellant in **Delgros** was sentenced only to a fine, he was ineligible to seek relief under the PCRA. **Id.** at 354-55 (citing 42 Pa.C.S. § 9543(a)). The **Delgros** Court explained that under the eligibility requirements of Section 9543(a), a petitioner must be currently incarcerated, on probation, or on parole, and it precluded PCRA relief for petitioners sentenced only to pay a fine. **Id.** at 355. Here, however, Appellant was sentenced September 21, 2021 to an aggregate term of nine to eighteen months of incarceration, followed by three years of probation. Sentencing Order, 9/21/21, at 1-2. Accordingly, Appellant is not statutorily precluded from relief under the PCRA, and the exception in **Delgros** does not apply.